J-S20039-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE KRONK | |
| Appellant | No. 1853 WDA 2014 |

Appeal from the PCRA Order of November 6, 2013
In the Court of Common Pleas of Fayette County
Criminal Division at No.: 767 of 1976

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, J., and WECHT, J.

MEMORANDUM BY WECHT, J.: **FILED MAY 22, 2015**

Terrence Kronk appeals from the order of November 6, 2013,[1] dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm.

On November 9, 1975, Kronk pleaded guilty to first-degree murder and received a sentence of mandatory life imprisonment. Kronk was a juvenile at the time that he committed the underlying crime. After several unsuccessful petitions for writ of *habeas corpus* and PCRA relief, Kronk filed the underlying PCRA petition on August 6, 2012, alleging that he was

_____

[1] According to the docket, the order was dated November 5, 2013, and filed on November 6, 2013. We have amended the caption accordingly.

entitled to relief pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).[2]

On September 10, 2013, the PCRA court appointed the Public Defender to represent Kronk in his PCRA petition. On October 30, 2013, our Supreme Court decided *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), announcing that "nothing . . . persuades us that *Miller*'s proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of *Miller*'s announcement." 81 A.3d at 11.

On November 6, 2013, the PCRA court dismissed Kronk's petition as untimely pursuant to *Cunningham*, *supra*. Kronk, via appointed counsel, filed an untimely notice of appeal on December 31, 2013. This Court quashed the appeal on April 15, 2014, and Kronk timely appealed to our Supreme Court on May 5, 2014. Our Supreme Court denied the petition for allowance of appeal on September 16, 2014. Subsequently, Kronk filed a *pro se* petition to reinstate his appellate rights *nunc pro tunc* with the PCRA court on October 27, 2014. The PCRA court granted the petition on November 5, 2014.

_____

[2] The Supreme Court decided *Miller* on June 25, 2012. Kronk filed the instant petition forty-two days later. *See* 42 Pa.C.S.A. § 9545(b)(2) (providing that a PCRA petition must be filed within sixty days of the date the claim could have been made).

Kronk raises three issues for our review:

1.    Did the [PCRA court] err in denying . . . Terrence Kronk's PCRA petition without a hearing?

2.    Should the [PCRA] court have reviewed Terrence Kronk's PCRA petition?

3.    Should the [PCRA] court have conducted a hearing on [Terrence Kronk's] PCRA [petition] based on the *Miller* decision?

Kronk's Brief at 10.   Kronk argues these issues together; therefore, we address them in a single challenge to the PCRA court's dismissal of his petition.  *Id.* at 10-12.

This Court's standard of review regarding an order granting or denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.  *See Commonwealth v. Ragan*, 923 A.2d 1169, 1170 (Pa. 2007).  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.  *See Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001).  "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions."  *Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011).

"The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed."  *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003) (citations and footnote omitted).  42 Pa.C.S.A. § 9545(b) sets forth the time limitations for filing of a PCRA petition as follows:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii), (2). When a petition is filed outside the one-year time limit, petitioners must plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See* ***Commonwealth v. Perrin***, 947 A.2d 1284, 1285 (Pa. Super. 2008).

Here, Kronk's judgment of sentence became final on August 11, 1986, the first weekday after the ninety-day deadline to petition for review of his judgment of sentence to the United States Supreme Court by writ of *certiorari*. ***See Commonwealth v. Kronk***, No. 93 WDA 2003, at *4 (Pa. Super. July 29, 2003) (unpublished memorandum); ***see also*** 42 Pa.C.S.A. § 9545(b)(3). Hence, in order to comply with the filing requirements of the

- 4 -

PCRA, Kronk's petition had to be filed by August 11, 1987. Because Kronk's instant petition was filed on August 6, 2012, it is facially untimely and the PCRA court lacked jurisdiction to review it unless Kronk pleaded and proved one of the statutory exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1).

Kronk alleges the applicability of the newly-recognized constitutional right exception to the time bar, based upon the Supreme Court's decision in *Miller*, *supra*. **See** Kronk's Brief at 11; **see also** 42 Pa.C.S.A. § 9545(b)(1)(iii). We disagree.

In *Miller*, the Supreme Court of the United States recognized a constitutional right for juveniles under the age of eighteen, holding that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Miller*, 132 S. Ct. at 2460. Here, Kronk was a juvenile at the time he committed the underlying crimes. However, in *Cunningham*, *supra*, our Supreme Court determined that the constitutional right recognized in *Miller* does not apply retroactively to defendants convicted prior to the Supreme Court's decision in *Miller*. *Cunningham*, 81 A.3d 1, 11 (Pa. 2013) (announcing that "nothing . . . persuades us that *Miller*'s proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of *Miller*'s announcement"). Thus, Kronk, who was

convicted as a juvenile in 1975, can find no relief from the PCRA time bar in *Miller* or *Cunningham*.

Accordingly, the PCRA court did not err by dismissing Kronk's petition where he failed to plead and prove the applicability of one of the three exceptions to the PCRA timing requirements. *See Perrin*, 947 A.2d at 1285; *see also Carr*, 768 A.2d at 1166. Kronk's petition is untimely with no applicable statutory exception to the time bar, and the PCRA court properly determined it was without jurisdiction to address its merits. *See Abu-Jamal*, 833 A.2d at 723-24.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2015