833 A.2d 719

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Mumia ABU–JAMAL, a/k/a Wesley Cook, Appellant.**

Supreme Court of Pennsylvania.

Submitted Dec. 16, 2002.

Decided Oct. 8, 2003.

See also 553 P.A. 485, 720 A.2d 79.

J. Michael Farrell, Marlene Kamish, pro hac vice, Nicholas Brown, pro hac vice, Eliot Grossman, pro hac vice, for Mumia Abu–Jamal.

Michael Coard, Philadelphia, for amicus curiae Rocky Mountain Human Rights Law Group, International Longshore and Warehouse Union, et al.

Hugh J. Burns, Amy Zapp, for Commonwealth of Pennsylvania.

Before CAPPY, C.J., and CASTILLE, NIGRO, NEWMAN, SAYLOR, EAKIN and LAMB, JJ.

## *OPINION*

Justice EAKIN.

Mumia Abu–Jamal appeals from the order denying his petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. We affirm.[1]

The PCRA court aptly set forth the procedural history of the case:

On December 9, 1981, Philadelphia Police Officer Daniel Faulkner was shot and killed while on duty in Center City Philadelphia. [Appellant] Wesley Cook a/k/a Mumia Abu Jamal was arrested at the scene, taken to the hospital, then taken to Police Headquarters where he was charged and held for trial in the murder of Officer Faulkner.

Anthony Jackson, Esq., was appointed to represent [appellant] at trial. [Appellant] was also permitted to represent himself at various stages of the proceedings with Jackson acting as backup counsel.

On July 2, 1982[,] following a jury trial, the Honorable Albert F. Sabo presiding, [appellant] was convicted of mur-

---

1. Appellant has filed numerous applications for relief under Pa.R.A.P. 123, for a remand to take testimony from witnesses and for relief from the timeliness requirements for filing notices of joinder. However, appellant has not filed an application requesting permission to file such a communication pursuant to Pa.R.A.P. 2501. Accordingly, we deny his request to file a post submission communication.

der in the first degree and related offenses. On July 3, 1983, following the penalty phase of the trial, the same jury sentenced [appellant] to death.

A direct appeal was timely field. Marilyn Gelb, Esq. was appointed as appellate counsel. [This Court] affirmed [appellant's] judgment of sentence. The United States Supreme Court denied certiorari and two petitions for rehearing. The direct appeal process concluded on June 10, 1991. On July 5, 1995, Leonard Weinglass, Esq., and Daniel R. Williams, Esq., who had been retained by [appellant], filed a [PCRA] petition on his behalf in the Court of Common Pleas. In 1995, there were no time limitations for filing of PCRA petitions. As is the usual procedure, the trial judge, the Honorable Albert F. Sabo, presided over hearings on that first petition, during which [appellant] was permitted to present evidence. Following these proceedings, post conviction relief was denied. Pending appeal to [this Court], [appellant] filed three separate requests for remand to the trial court. These applications encompassed requests for opportunities to present further testimony, requests for discovery, requests to submit a videotape allegedly relevant to *Batson* issues, and requests to reassign the case to another judge. Twice, remand was granted for the purpose of including additional testimony in the record. Other requests were denied, and both the trial court and [this Court] declined PCRA relief. The Supreme Court of the United States denied certiorari on October 4, 1999.

On October 15, 1999, [appellant] filed a *pro se* petition for a writ of *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania. He also requested that Leonard Weinglass, Esq., and Daniel R. Williams, Esq., be removed from the case. On April 6, 2000,[2] these attorneys were allowed to withdraw from federal court

---

**2.** The PCRA court opinion incorrectly states counsel withdrew from the federal *habeas* proceedings April 6, 2000; however, the federal district court's memorandum reflects counsel's withdrawal was approved April 6, 2001, upon the entry of appearance of new counsel, who entered their appearance May 4, 2001. *See Abu–Jamal v. Horn,* 2001 WL 827468 * 1 (E.D.Pa.2001).

proceedings. New counsel ... entered their appearances. On May 4, 2001, they filed a motion in federal court requesting an order authorizing the deposition of Arnold Beverly, who in 1999 confessed to Officer Faulkner's murder. On July 19, 2001, the Honorable William H. Yohn, Jr., U.S.D.J., issued a memorandum and order denying the motion.

Meanwhile, on July 3, 2001, [appellant] filed this, his second PCRA petition, in the Philadelphia Court of Common Pleas. The petition was accompanied by a motion to admit [appellant's] attorneys ... *pro hoc vice*, requests for 286 items of discovery and a request for depositions of ten persons. [Appellant] also filed a motion in federal court requesting that federal *habeas* proceedings be held in abeyance pending the resolution of the PCRA petition.[3]

Following a reply by the Commonwealth, a status hearing was held before the [PCRA court] and counsel were directed to provide the [c]ourt with briefs on two specific issues:

1.) whether the [c]ourt had jurisdiction to entertain the PCRA petition; and

2.) whether a hearing was necessary for any purpose.

PCRA Court Opinion, 11/21/01, 1–5 (citations and footnotes omitted). After considering the briefs on these issues, the PCRA court concluded it lacked jurisdiction to entertain appellant's petition[4] because it was untimely. Accordingly, the court issued notice of its intent to dismiss the petition without

3. On December 18, 2001, the federal district court granted appellant's *habeas* petition in part; it affirmed the first degree murder conviction, but granted a new penalty hearing. *See Abu–Jamal v. Horn*, 2001 WL 1609690, *130 (E.D.Pa.2001). The Commonwealth appealed reversal of the sentence and appellant cross-appealed affirmance of the conviction. On July 11, 2002, the Third Circuit Court of Appeals stayed the appeals, pending this Court's disposition of the instant appeal.

4. Appellant's second PCRA petition essentially raised two claims. The first claim cited numerous allegations of ineffectiveness by the two private attorneys who represented appellant in his first PCRA petition; the second claim reiterated appellant's prior allegations of judicial bias on the part of Judge Sabo.

a hearing, pursuant to Pa.R.Crim.P. 909, and denied relief. This appeal followed.

On appeal from the denial of PCRA relief, our standard of review is whether the findings of the PCRA court are supported by the record and free of legal error. *Commonwealth v. Breakiron*, 566 Pa. 323, 781 A.2d 94, 97 n. 4 (2001). Before addressing the merits of appellant's claims, we must determine the propriety of the PCRA court's dismissal of appellant's petition as untimely. *See id.*, at 97. The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Murray*, 562 Pa. 1, 753 A.2d 201, 203 (2000); *Commonwealth v. Fahy*, 558 Pa. 313, 737 A.2d 214, 222 (1999); *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638, 641 (1998).[5] Furthermore, merely filing a petition in a capital case or couching claims in ineffectiveness terms does not save an untimely

---

**5.** Appellant invites this Court to overturn the *Fahy* and *Peterkin* line of cases, which held the PCRA's time restrictions are jurisdictional. We decline this invitation. As noted in *Peterkin:*

> Because the one-year period within which petitions normally must be filed is sufficiently generous to prepare even the most difficult case, and because the exceptions to this filing period encompass government misconduct, after-discovered evidence, and constitutional changes, we have no difficulty in concluding that the PCRA's time limitation ... does not unreasonably limit [the] right to ... relief. At some point litigation must come to an end.... The current PCRA ... strikes a reasonable balance between society's need for finality in criminal cases and the convicted person's need to demonstrate that there has been an error in the proceedings that resulted in his conviction.

*Peterkin*, at 643 (footnote omitted).
We recently reiterated this holding in *Murray*, at 203, and have consistently and regularly applied the PCRA's 1995 amendments on the basis that the amendments are jurisdictional. *See, e.g., Lines v. Larkins*, 208 F.3d 153, 164 (3d Cir.2000) ("[I]t is now clear that the one year limitation applies to all PCRA petitions including a second petition, no matter when the first was filed."); *Terry v. Gillis*, 93 F.Supp.2d 603, 610 n. 10 (E.D.Pa.2000) ("[T]he Pennsylvania Supreme Court now 'consistently and regularly' applies the 1995 amendments to the PCRA on the basis that the amendments are jurisdictional...."). Further, the precept that structural errors can never be deemed harmless does not serve to create state court jurisdiction that is otherwise absent. *Commonwealth v. Baroni*, 113 MAP 2002.

petition. *Breakiron,* at 97 (citing *Commonwealth v. Banks,* 556 Pa. 1, 726 A.2d 374, 376 (1999)).

■ The PCRA requires any PCRA petition, *"including a second or subsequent petition,* shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1) (emphasis added). A judgment becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and [this Court], or at the expiration of time for seeking the review." Id., § 9545(b)(3). In cases where the judgment of sentence was final prior to the 1995 enactment of the timeliness require-ment, a *first* petition is considered timely if filed within one year of the effective date of the enactment. *See* Act of November 17, 1995, P.L. 1118, No. 32 (Spec.Sess. No. 1), § 3(1); *Peterkin,* at 641. However, there is no grace period for filing subsequent PCRA petitions. *Id.; see also Common-wealth v. Crawley,* 559 Pa. 9, 739 A.2d 108, 109 (1999).

Appellant's judgment of sentence became final June 10, 1991. He did not file his second PCRA petition until July 3, 2001, clearly beyond the one-year time limit. Therefore, appellant's PCRA petition is untimely, unless he can prove one of the exceptions in the Act: (i) the failure to raise the claim previously was the result of unconstitutional interference by government officials; (ii) the discovery of new evidence that could not have been previously ascertained with due diligence; or (iii) the recognition of a new constitutional right that has been held to apply retroactively. 42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition alleging one of these exceptions must be filed within 60 days of the date the claim could have been presented. Id., § 9545(b)(2).

■ Appellant first asserts the governmental interference exception; he cites prior PCRA counsels' alleged failure to investigate or present certain claims, most significantly, the claim that a supposed "hit man," Arnold Beverly, confessed in 1999 to being the killer. Appellant concedes § 9545(b)(4) specifically excludes defense counsel from the definition of "government officials," Appellant's Brief, at 38, but claims

because counsels' actions in effect served the Commonwealth, and not appellant, they were "acting" as agents for the government and their actions should be attributed to the Commonwealth. Id., at 38–39, 739 A.2d 108.

The PCRA court noted, "In any case where defense counsel has made an error or has chosen a strategy that is unsuccessful, the Commonwealth is arguably the beneficiary. Under [appellant's'] reading of the [PCRA], defense counsel could be treated as agents of the Commonwealth in any case where a [defendant] is not acquitted." PCRA Court Opinion, 11/21/01, at 11. Such a contorted notion cannot be accepted. The Commonwealth, having the obligation to seek justice, is not a "beneficiary" of poor defense lawyering, certainly not to the extent that defense counsel can be deemed agents of anyone but the defendant.

■ Appellant's claim is, in reality, a thinly veiled ineffectiveness claim, and this Court has rejected such attempts to circumvent the timeliness requirement by asserting prior counsel's ineffectiveness for failure to raise an issue. "Claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not include defense counsel." *Commonwealth v. Pursell*, 561 Pa. 214, 749 A.2d 911, 916 (2000); *see also Commonwealth v. Yarris*, 557 Pa. 12, 731 A.2d 581, 587 (1999) ("[T]he drafters of the 1995 amendments specifically excluded 'defense counsel' from such officials. 42 Pa.C.S. § 9545(b)(4). Therefore, Section 9545(b)(1)(i) does not operate to save appellant's claims of ineffective assistance of counsel from the bar of untimeliness."). Appellant has failed to meet the governmental interference exception.

■ Alternatively, appellant asserts the facts upon which his claims were predicated were unknown to him and could not have been discovered by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). Under this exception, appellant had 60 days in which to file his PCRA petition after discovering new and important evidence. Id., § 9545(b)(2). Appellant

734

asserts his former attorneys acted in their personal interests, effectively sabotaging his case by suppressing claims and evidence that should have been raised. Specifically, appellant cites ex-chief counsel's publication of a book about appellant's trial. Appellant claims a necessary precondition for publication was the suppression of Beverly's confession and other corroborating evidence, creating a conflict of interest which constructively denied him counsel. Appellant's Brief, at 33. Appellant asserts he did not and could not have ascertained these facts until his new counsel entered their appearance in May 2001.

This claim fails. Although appellant asserts "constructive denial of counsel," such denial only arises where there was *complete* failure on the part of the attorney. *Bell v. Cone*, 535 U.S. 685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002). Simply because counsel allegedly failed to oppose the prosecution in a specific way does not mean there was "complete failure" of counsel. *Id.* Appellant's allegation is nothing more than another veiled ineffectiveness claim, which will not save his untimely PCRA petition. *Fahy*, at 223. "A petitioner cannot establish the after-discovered evidence exception merely by alleging that possible ineffective assistance of counsel claims were unknown to the petitioner and could not have been discovered until after present counsel reviewed the petitioner's file." *Commonwealth v. Howard*, 567 Pa. 481, 788 A.2d 351, 355 (2002); *see also Pursell*, at 916–17.[6] Appellant has failed to establish his ineffectiveness claim falls within this exception.

6. Contrary to appellant's contention, this claim was ascertainable and could have been pled prior to July 3, 2001 (60 days from prior counsels' withdrawal and new counsels' entry of appearance on May 4, 2001). Appellant, through the exercise of due diligence, could have been aware of prior counsels' "sabotaging" his case prior to their withdrawal and the appearance of new counsel; indeed, as the PCRA court noted, appellant filed federal suit against the attorney and the book's publisher on March 21, 2001, in an unsuccessful attempt to prevent publication. *See* PCRA Court Opinion, 11/21/01, at 14. Thus, appellant knew or should have known of the book's contents, and of Beverly's alleged confession, prior to retaining new counsel. Accordingly, appellant should have been aware of this claim in March 2001, if not before, and discovery of it was not dependent on his obtaining new counsel.

In a final attempt to gain review of his claim concerning counsel's performance, appellant argues the PCRA court applied an incorrect standard of review in dismissing his petition without a hearing. He claims the court improperly considered the credibility of the Beverly confession and determined this claim was meritless, when instead it was to determine whether this allegation, if true, would entitle him to relief. *See* Official Comment to Pa.R.Crim.P. 907 (if, after review, judge determines facts alleged in petition would not, even if proven, entitle defendant to relief, judge may dismiss petition without hearing). Appellant overlooks the fact his petition was summarily dismissed not because it was patently meritless, but because it was untimely. A PCRA court may not examine the merits of a petition that is untimely. *Murray*, at 203. The PCRA court's threshold inquiry was whether appellant's petition was timely, and if not, whether appellant had met any of the timeliness exceptions. Appellant's petition was dismissed on this basis. Although the PCRA court had to examine the merits of some of the underlying issues because they were also advanced as exceptions to the time-bar, the court did not apply an incorrect standard or go beyond the scope necessary to address the issue of timeliness.

Appellant also asserts the after-discovered evidence exception to the time-bar. He alleges Judge Sabo made a racist comment, which was overheard by a court reporter in 1982, at the time of appellant's trial. In August 2001, appellant filed a declaration by the reporter that she had overheard the judge comment to someone, "Yeah, and I'm going to help 'em fry the nigger." Appellant's Brief, at 16. Appellant claims he was not aware of this alleged comment, which demonstrates the judge's bias, until August 2001, and therefore, it falls under § 9545(b)(1)(ii)'s after-discovered evidence exception; he further avers he moved to amend his second petition to include this claim in September 2001, within the 60–day time limit.

Even if appellant has raised this exception in a timely manner, he is not entitled to relief, as the issue of judicial bias was previously litigated in appellant's first PCRA proceeding,

and was thoroughly addressed on its merits by this Court in the ensuing appeal. *See Commonwealth v. Abu–Jamal*, 553 Pa. 485, 720 A.2d 79 (1998); 42 Pa.C.S. § 9543(a)(3) (to be eligible for post conviction relief, petitioner must plead and prove issue not previously litigated). An issue has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." Id., § 9544(a)(3). On appeal from the denial of his first PCRA petition, appellant contended he was denied a fair PCRA hearing because Judge Sabo, who allegedly was biased against him, was the presiding judge. Appellant based this claim on Judge Sabo's alleged racial bias and hostility towards him at trial. This Court rejected appellant's claim, concluding, "our careful review of the [PCRA] proceedings reveals that none of the challenged behavior on the part of Judge Sabo evidences an inability to preside impartially." *Abu–Jamal*, at 89. Further, with respect to Judge Sabo's conduct during appellant's trial, this Court concluded:

Our review of the record evidences, first, that during trial in 1982, Judge Sabo displayed no such adversarial position towards Appellant. Rather, we find evidence therein that quite the contrary was true; that it was Appellant who, from the very beginning of the trial proceedings, openly criticized Judge Sabo and repeatedly asserted he would not abide by the court's rulings. The trial record reveals numerous outbursts and displays of intemperate behavior on the part of Appellant. Judge Sabo, for the most part, displayed much patience with Appellant's diatribes. At those points when it became necessary for the judge to restore decorum in the proceedings, he properly did so. Simply stated, Appellant's own disruptive behavior cannot be used to demonstrate that the judge bore hostility towards him.

*Id.*, at 90.

Thus, having previously litigated this issue, appellant is not permitted to resurrect it by asserting a new theory under the guise of after-discovered evidence. *See, e.g., Commonwealth v. Bond*, 572 Pa. 588, 819 A.2d 33, 39 (2002) (it is well settled

PCRA petitioner cannot obtain review of previously litigated claims by presenting new theories of relief to relitigate previously litigated claims) (citing *Commonwealth v. Bracey*, 568 Pa. 264, 795 A.2d 935, 939 & n. 2 (2001)).

In an alternative argument, appellant asserts the PCRA court should treat his second petition as an extension of his timely first one, because the same allegedly biased judge who presided at trial refused to recuse himself from hearing the first petition. Thus, appellant argues his claim of judicial bias has never been examined by an impartial member of the judiciary. Such an allegation, however, does not entitle him to equitable tolling of the PCRA's jurisdictional time limit. As this Court noted in *Fahy:*

> Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute. Thus, . . . in the case of the PCRA, the time limitations are extended upon satisfaction of the exceptions found in § 9545(b)(1)(i)-(iii) and timely filing pursuant to (b)(2). *As it has been established that the PCRA's time limits are jurisdictional, we hold that the period for filing a PCRA petition is not subject to the doctrine of equitable tolling, save to the extent the doctrine is embraced by § 9545(b)(1)(i)-(iii).*

*Fahy*, at 222 (emphasis added). Having failed to meet any of the time-bar exceptions, appellant is not entitled to have the deadline tolled. As previously discussed, this Court already reviewed his judicial bias claims on direct appeal and deemed them meritless.

Finally, appellant argues that even if his claims are time-barred under the PCRA, the PCRA court should have used its inherent power under common law to review his claims under Pennsylvania's writ of *habeas corpus*. This argument was rejected in *Fahy*, where this Court explained:

> In *Peterkin*, and more recently in [*Commonwealth v. ]Chester[*, 557 Pa. 358, 733 A.2d 1242 (1999)], this court explained that the PCRA subsumes the writ of habeas corpus with respect to remedies offered under the PCRA. However, a

writ of habeas corpus continues to exist as a separate remedy. Even so, *the writ continues to exist as an independent basis for relief only in cases in which there is no remedy under the PCRA.*

*Fahy,* at 223–24 (emphasis added). Appellant posits his " 'actual innocence' claim is not cognizable on the face of the PCRA," Appellant's Brief, at 53, and therefore *habeas* relief is available to him because there is no remedy under the PCRA. This argument is specious; although § 9543 does not use the term "actual innocence" in enumerating cognizable claims, the Act specifically states it is intended to "provide[ ] for an action by which persons convicted of crimes they did not commit ... may obtain collateral relief." 42 Pa.C.S. § 9542. Further, "[t]he action established in this subchapter shall be the *sole* means of obtaining collateral relief and encompassing all other common law and statutory remedies for the same purpose ... , *including habeas corpus* . . . ." Id. (emphasis added); *see also Commonwealth v. Hall,* 565 Pa. 92, 771 A.2d 1232 (2001); *Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999). Thus, appellant is not entitled to *habeas corpus* relief.

As appellant's petition was untimely, the PCRA court properly concluded it was without jurisdiction to address the merits of his claims, and dismissal without a hearing was appropriate. The order of the PCRA court is affirmed.

Order affirmed.[7]

Justice NIGRO concurs in the result.

---

7. The Prothonotary of the Supreme Court is directed to transmit the complete record of this case to the Governor, pursuant to 42 Pa.C.S. § 9711(i).