J-S64012-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ABDULLAH-HANEEF: IBN-SADIIKA, REAL PARTY IN INTEREST AND IN BEHALF OF ENS LEGIS:  ABDULLAH HANEEF IBN-SADIKA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA | |
| Appellee | No. 287 WDA 2014 |

Appeal from the PCRA Order January 14, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0010761-1984,
CP-02-0011275-1984

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                **FILED NOVEMBER 05, 2014**

Abdullah Haneef Ibn-Sadiika appeals *pro se* from the order entered in the Court of Common Pleas of Allegheny County, dismissing his petition filed under the Post Conviction Relief Act ("PCRA").[1]  We affirm.

On February 7, 1986, the trial court sentenced Ibn-Sadiika to life imprisonment following his conviction for first-degree murder.  This Court affirmed Ibn-Sadiika's judgment of sentence on March 27, 1987.  **See Commonwealth v. Haneef Ibn-Sadiika**, 526 A.2d 1233 (Pa. Super. 1987) (unpublished memorandum).  Subsequently, Ibn-Sadiika filed a petition for

---

[1] 42 Pa.C.S. §§ 9541-9546.

allowance of appeal with the Supreme Court of Pennsylvania, which the Court ultimately denied on October 1, 1987. **Com v. Ibn-Sadiika**, 532 A.2d 1137 (Pa. 1987). Thereafter, Ibn-Sadiika sought post-conviction relief, but failed to raise any meritorious issues. **See Commonwealth v. Ibn-Sadiika**, 913 A.2d 942 (Pa. Super. 2006) (unpublished memorandum).

On August 27, 2013, Ibn-Sadiika filed a writ of habeas corpus, the focus of the instant appeal. The court, treating the matter as a request for relief under the PCRA, found the petition to be time-barred, as well as frivolous, and dismissed it on January 14, 2014. The instant appeal followed, in which Ibn-Sadiika argues that the court abused its discretion when it dismissed his writ of habeas corpus as an untimely PCRA petition. We disagree.

The PCRA provides, "The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, *including habeas corpus*. . . ." 42 Pa.C.S. § 9542 (emphasis added). Accordingly, unless the PCRA cannot provide a potential remedy, this Court will treat a writ of habeas corpus as a PCRA petition. **Commonwealth v. Taylor**, 65 A.3d 462, 465-66 (Pa. Super. 2013).

Ibn-Sadiika insists that a claim of actual innocence is not cognizable under the PCRA, and, therefore relief is available to him under habeas. To quote our Supreme Court,

> This argument is specious; although § 9543 does not use the term "actual innocence" in enumerating cognizable claims, the [PCRA] specifically states it is intended to "provide[] for an action by which persons convicted of crimes they did not commit . . . may obtain collateral relief." 42 Pa.C.S. § 9542.

*Commonwealth v. Abu-Jamal*, 833 A.2d 719, 738 (Pa. 2003). Accordingly, the trial court correctly found Ibn-Sadiika's writ of habeas corpus to fall within the confines of the PCRA.

Ibn-Sadiika's petition, which he filed on August, 27, 2013, is patently untimely. *See* 42 Pa.C.S. § 9545(b)(1) (PCRA petition must be filed within one year of date of underlying judgment becoming final). Moreover, Ibn-Sadiika fails to establish one of the cognizable exceptions to the PCRA timeliness requirements in his petition. *See* 42 Pa.C.S. § 9545(b)(1) (providing three exceptions to one-year time limit under PCRA). Accordingly, we lack jurisdiction to review the merits of Ibn-Sadiika's appeal. *See Commonwealth v. Hackett*, 956 A.2d 978 (Pa. 2008) (timeliness of a PCRA petition is a jurisdictional requisite).

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/5/2014