J-S75033-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
EDWARD J. TURBERVILLE, :
:
Appellant : No. 711 WDA 2017

Appeal from the PCRA Order March 31, 2017
in the Court of Common Pleas of Clarion County,
Criminal Division at No(s): CP-16-CR-0000780-2000

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JANUARY 26, 2018

Edward J. Turberville ("Turberville"), pro se, appeals from the Order dismissing his fourth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

On June 20, 2001, the trial court sentenced Turberville to five to ten years in prison, following his guilty plea to one count of burglary.[2] Turberville did not file a direct appeal of his judgment of sentence.

Turberville filed the instant PCRA Petition, his fourth, on February 22, 2017. On March 31, 2017, following appropriate Notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Turberville's Petition without a

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

[2] See 18 Pa.C.S.A. § 3502.

hearing. Thereafter, Turberville filed the instant timely appeal, followed by a Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Turberville presents the following claims for our review:

1. Was [Turberville] illegally sentenced under a pre-1995 statu[t]e that was not in effect at the time of his sentencing in 2001[?]

2. Was [Turberville] sentenced based on "double counting" that violated the double jeopardy clause of the 5th Amendment of the [United States] Constitution?

3. Was [Turberville improperly] sentenced as a "career criminal"[?]

4. Was [Turberville] given a sentence presumption on a "high risk dangerous" provision that violated the procedural due process guarantee of the 14th Amendment of the United States Constitution[?]

5. Did the [PCRA court] in error dismiss [Turberville's] challenge to the March 8, 2017 decision at 175 CD 2017 to treat his Writ of Habeas Corpus Ad Subjiciendum as a PCRA Petition?

Brief for Appellant at 2 (some capitalization omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." Commonwealth v. Montalvo, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Before addressing Turberville's first four claims, we must determine whether Turberville timely filed his PCRA Petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is

jurisdictional, and a PCRA court has no power to address the substantive merits of an untimely petition. Commonwealth v. Abu-Jamal, 833 A.2d 719, 723-24 (Pa. 2003); Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000).

Turberville's current PCRA Petition is facially untimely, as his judgment of sentence became final in 2001, when he filed no appeal from his judgment of sentence. Further, Turberville asserted no recognized exception to the PCRA's timeliness requirement. See 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (providing an exception to the PCRA's timeliness requirement where the petitioner establishes after-discovered facts, interference by a government official, or a newly-recognized constitutional right). Consequently, Turberville's PCRA Petition was time-barred, and the PCRA court lacked jurisdiction to entertain Turberville's Petition.

In his Statement of Questions Involved, Turberville additionally claims that the PCRA court improperly considered his Petition for writ of habeas corpus relief to be a Petition for relief pursuant to the PCRA. Id. However, Turberville does not address this claim in the Argument section of his brief. Accordingly, it is waived. See Wirth v. Commonwealth, 95 A.3d 822, 837 (Pa. 2014) (holding that "[w]here an appellate brief fails to . . . develop an issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate appellant's arguments for him.") (internal quotation marks omitted); see also Pa.R.A.P.

2119(a) (providing that appellate briefs must contain "such discussion and citation of authorities as are deemed pertinent").

For the foregoing reasons, we affirm the Order of the PCRA court, which dismissed Turberville's Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2018