J-S75038-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                           :                    PENNSYLVANIA
                                           :

                v.                         :

                                           :

JOSEPH MALCOMB,                    :
                                           :

               Appellant              :           No. 809 WDA 2017

Appeal from the Order May 10, 2017
in the Court of Common Pleas of Beaver County,
Criminal Division at No(s): CP-04-CR-0002375-1991

BEFORE: SHOGAN, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED JANUARY 30, 2018**

Joseph Malcomb ("Malcomb") appeals from the Order dismissing his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

Malcomb entered a guilty plea to burglary in the first degree after

burglarizing the Sterling Fox Bar on June 19, 1991. The trial court

sentenced him, on July 1, 1992, to 26 to 240 months in prison. Malcomb did

not file a direct appeal.

Over the years, Malcomb was released from prison, but returned for

parole violations. Relevant to this appeal, on April 13, 2017, Malcomb filed a

Motion for modification of his sentence. The PCRA court, treating the Motion

---

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

as a Petition for relief filed pursuant to the PCRA, denied relief. Thereafter, Malcomb filed the instant appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

Malcomb presents the following six claims for our review:

1) Did the Beaver County court[] err[] and abuse its discretion by denying numerous appeals/requests for relief, without having a hearing or considering the substantial evidence and case law presented?

2) Did the Beaver County court err[] by not changing [Malcomb's] sentence from 240 months to 120 months after the offense gravity score was changed from a felony (1) to a felony (2)?

3) Did the Beaver County court[] err[] when the Pa. Board of Probation and Parole and Dep[artment] of Corrections unconstitutionally changed [Malcomb's] maximum date from 12-11-2011 to 5-19-2021 … ?

4) Has [Malcomb] been denied due process and effective assistance of counsel on the numerous court appeals and parole appeals?

5) Has [Malcomb] suffered cruel and unusual punishment at the hands of Beaver County [c]ourts for not changing [his] maximum [sentence] date from 12-11-2011 to 12-11-2001, after the offense gravity score was changed by the [c]ourt without notifying [Malcomb]?

6) Was [Malcomb's] sentence changed unconstitutionally by the Parole Board and Dep[artment] of Corrections for a conviction in the Beaver County courts … for a summary offense?

Brief for Appellant at 2 (some capitalization omitted).

"In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error."

*Commonwealth v. Montalvo*, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Before addressing Malcomb's claims, we first must determine whether he timely filed his PCRA Petition. A PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(1). The one-year time limitation is jurisdictional, and a PCRA court has no power to address the substantive merits of an untimely petition. *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 723-24 (Pa. 2003); *Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000). The three exceptions to the one-year filing requirement are for newly-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim first could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

> As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the PCRA court has no power to address the substantive merits of the petitioner's claims.

*Gamboa-Taylor*, 753 A.2d at 783.

Malcomb filed the instant PCRA Petition on April 13, 2017, and consequently, it is untimely on its face. In his brief Malcomb asserts that the change in his sentence "occurred without [his] knowledge or [him]

- 3 -

receiving notification from the court of such change. This change occurred between 1999 and 2009, which [Malcomb] was notified by new criminal charges, or [it] may have never [been] known." Brief for Appellant at 6.

Thus, Malcomb did not assert his present claim within 60 days of it becoming known to him. Consequently, Malcomb has failed to establish the newly-discovered facts exception to the PCRA's timeliness requirement. Because Malcomb asserts no other exception to the timeliness requirement, we affirm the dismissal of Malcomb's present PCRA Petition as untimely filed.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/30/2018

- 4 -