J-S78001-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ALAN KUSHNER, | : | |
| | : | |
| Appellant | : | No. 3875 EDA 2017 |

Appeal from the Order Entered October 31, 2017
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0009814-2008

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

MEMORANDUM BY LAZARUS, J.:                **FILED JANUARY 17, 2019**

Alan Kushner appeals from the order, entered in the Court of Common Pleas of Montgomery County, dismissing as untimely his fourth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. After our review, we affirm.

On October 30, 2008, Lower Merion Township Police arrested Kushner and charged him with attempted murder, criminal solicitation to commit murder, and criminal conspiracy to commit murder in connection with his attempts to hire another individual to kill his wife.  On July 20, 2009, a jury convicted Kushner of solicitation to commit murder and acquitted him of attempted murder and conspiracy to commit murder.  On October 23, 2009, the court sentenced him to 7½ to 20 years of incarceration.  On December 8, 2010, this Court affirmed his judgment of sentence.  ***See Commonwealth v. Kushner***, 23 A.3d 573 (Pa. Super. 2010) (unpublished memorandum).  The

_____
*   Former Justice specially assigned to the Superior Court.

Pennsylvania Supreme Court denied review on October 13, 2011. ***See Commonwealth v. Kushner***, 30 A.3d 487 (Pa. 2011) (Table).

Kushner's judgment of sentence became final for PCRA purposes on January 11, 2012.[1] Thus, Kushner had until January 11, 2013, to file any and all PCRA petitions. The instant petition, filed on October 24, 2017, is facially untimely. ***See*** 42 Pa.C.S.A. § 9545(b)(1) (in order for petition to be timely under PCRA, petitioner must file petition within one year of date judgment of sentence becomes final); ***see also Commonwealth v. Brown***, 943 A.2d 264, 267 (Pa. 2008) (PCRA's time requirements are jurisdictional; no court has jurisdiction to address untimely petition).

However, section 9545(b)(1) provides three exceptions to the general time requirements of the PCRA. To invoke an exception, a petition must allege and the petitioner must prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

---

[1] A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking review." 42 Pa.C.S.A. § 9545(b)(3). ***See Commonwealth v. Fahy***, 737 A.2d 214, 218 (Pa. 1999) (noting appellant's judgment of sentence becomes final upon expiration of ninety-day period for seeking appellate review to United States Supreme Court.). ***See also*** Sup. Ct. R. 13.1 (allowing ninety days for filing of writ of certiorari in Supreme Court of the United States).

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). A petitioner has the burden of pleading and proving an exception to the time bar. *Commonwealth v. Hawkins*, 953 A.2d 1248, 1253 (Pa. 2008). A petitioner seeking relief pursuant to a statutory exception must adhere to the additional requirement of filing the petition within sixty (60) days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).[2]

Here, Kushner attempts to invoke the newly-discovered facts exception, averring that the June 29, 2017 conviction of former Philadelphia District Attorney Seth Williams entitles him to relief from his Montgomery County conviction. Specifically, he argues that the transfer agreement between the Montgomery County District Attorney's Office and the Philadelphia County District Attorney's Office, executed in 2008, is somehow invalidated by Seth Williams' 2017 conviction. Kushner argues that he filed the instant petition "to litigate the integrity of that decision." Appellant's Brief, at 10.

---

[2] Section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (Dec. 24, 2018), extending the time for filing from sixty (60) days of the date the claim could have been presented, to one year. The amendment shall apply to claims arising on December 24, 2017, or thereafter. It is not applicable here. *See* Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

Kushner's argument is a thinly veiled attempt to relitigate his prior claim that the Montgomery County Court of Common Pleas lacked jurisdiction over his case because the events leading up to the solicitation occurred in Philadelphia. Kushner cannot resurrect previous claims by asserting a new theory under the guise of one of the PCRA timeliness exceptions. *Commonwealth v. Abu–Jamal*, 833 A.2d 719, 727 (Pa. 2003). This claim was presented in Kushner's first PCRA petition, dismissed by the PCRA court, and affirmed by this Court on collateral appeal. *Commonwealth v. Kushner*, 134 A.3d 91 (Pa. Super. 2015) (unpublished memorandum).[3] *See* 42 Pa.C.S.A. § 9543(a)(3) (in order to be eligible for PCRA relief, petitioner must plead and prove by preponderance of evidence that allegation of error

---

[3] In his appeal from the 2014 order denying his first PCRA petition, Kushner claimed that trial counsel was ineffective for failing to raise a jurisdictional challenge. Specifically, he claims counsel's failed to raise a jurisdictional challenge to Kushner being tried in the Montgomery County Court of Common Pleas, where the alleged solicitation to commit murder occurred in Philadelphia. The PCRA court determined that the contention was meritless, and this Court affirmed. Since the crime was to be committed in the marital home in Montgomery County, jurisdiction was proper in Montgomery County. *See Kushner*, 134 A.3d at 91. *See also Commonwealth v. Carey*, 439 A.2d 151, 155 (Pa. Super. 1981) (even though original act of solicitation occurred in Philadelphia County, ultimate act was to be performed in Delaware County and that county should have jurisdiction to try defendant).

We also note that pursuant to Pa.R.Crim.P. 130(B), the Philadelphia District Attorney's Office relinquished jurisdiction of the solicitation incidents to the Montgomery County District Attorney's Office. The transfer agreement, executed in 2008, two years before Seth Williams took office, was signed by Chief of Trials, Thomas McGoldrick of the Montgomery County District Attorney's Office, and his counterpart in the Philadelphia District Attorney's Office, Deputy District Attorney John P. Delaney, Jr. *See* N.T. PCRA Hearing, 11/12/13, at 65; Ex. C-19).

has not been previously litigated or waived; an issue has been previously litigated if it was raised and decided in proceeding collaterally attacking conviction or sentence); *see also Commonwealth v. Small*, 980 A.2d 549, 569 (Pa. 2009) (whether issue was previously litigated turns on whether issue constitutes discrete legal ground or merely alternative theory in support of same underlying issue raised on direct appeal).

We conclude, therefore, that Kushner has failed to meet the newly-discovered fact exception to the time bar. The PCRA court, therefore, properly dismissed Kushner's petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/17/19