J-S45020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM HARVEY | : | No. 117 EDA 2022 |

Appeal from the PCRA Order Entered December 2, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
Nos:  CP-51-CR-0014937-2010,
CP-51-CR-0014981-2010

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| WILLIAM HARVEY | : | No. 118 EDA 2022 |

Appeal from the PCRA Order Entered December 2, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
Nos:  CP-51-CR-0014937-2010,
CP-51-CR-0014981-2010

BEFORE:  OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 11, 2023**

The Commonwealth appeals from the December 2, 2021, order granting a new trial to Appellee, William Harvey, in response to his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Because the petition was untimely, we reverse.

A previous panel of this Court recited the facts:

Mr. Darnell Thomas[ ] testified that he is the president of the Street Kings Motorcycle Club and that he had arranged to meet with a woman named "Sky," later identified as Shakeema Scott, at her residence on September 20, 2010, for the purpose of finalizing the incorporation of her motorcycle club into his club as a social member. He testified that he rode to the meeting on his own motorcycle and was met there by three other members of his club who had come separately, arriving at between 5:00 and 6:00 p.m.

When he arrived, "Sky" was sitting on her front steps talking with a member of his club. As he approached "Sky," [Appellant], whom he did not know, approached the group, identified himself as the father of Sky's child and asked her, "You called these (---) on me?" In response, Mr. Thomas introduced himself, shook [Appellant's] hand and told him they were there "for club business." [Appellant] then asked, "Y'all got a problem?" He then walked away from the group with another man. A member of Mr. Thomas' club, Mr. Donnell Wright, repeatedly said, "Let's go." Keeping his eyes on [Appellant], Mr. Thomas began backing towards his motorcycle preparing to leave. Sensing danger, he felt safer getting into Mr. Wright's van. As he was reaching up to get into the van, Mr. Thomas was shot in the left wrist and then his hip whereupon Mr. Wright lifted him into the van.

Prior to being shot, Mr. Thomas observed [Appellant] approach a nearby car and the other man reach into it and hand [Appellant] a gun. Without a word, [Appellant] pointed the gun at Mr. Thomas and began shooting. [Appellant] was the only person shooting.

*Commonwealth v. Harvey*, No. 121 EDA 2014, 2016 WL 6090815, at *1 (Pa. Super. Ct. Oct. 18, 2016).

During their investigation, police received a letter from attorney Berto Elmore on behalf of Scott. Elmore wrote that he was representing Scott, and that she would not speak to police without an attorney present. Elmore later entered his appearance on behalf of Appellant and represented him

throughout the trial court proceedings. Aware of the potential conflict of interest, the Commonwealth notified the trial court during a pretrial conference of the previous letter from Elmore to Scott. Elmore withdrew from representing Appellant in favor of a public defender. Elmore eventually re-entered his appearance and resumed his representation of Appellant, with the trial court's permission and at Appellant's request.

On February 15, 2013, at the conclusion of a jury trial, Appellant was found guilty of aggravated assault, criminal conspiracy, unlawful possession of a firearm, and possession of an instrument of crime. The trial court imposed an aggregate 22 to 50 years of incarceration. This Court affirmed on October 18, 2016. Appellant did not seek allowance of appeal from our Supreme Court, and instead filed a timely first PCRA petition on May 9, 2017. Appellant did not raise any issue regarding Elmore's potential conflict of interest during his first round of collateral review. The PCRA court denied relief by order of February 13, 2019. This Court affirmed on August 13, 2020. Our Supreme Court denied allowance of appeal on February 9, 2021.

Appellant filed the instant petition, his second, on May 26, 2021. In it, he sought a new trial based on Elmore's alleged conflict of interest. Following our Supreme Court's decision in **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), Appellant filed a supplemental petition alleging that all prior counsel, including first PCRA counsel, rendered ineffective assistance. The PCRA court granted relief without an evidentiary hearing, apparently believing

such relief was authorized under **Bradley**. The Commonwealth filed this timely appeal, arguing that Appellant's petition is an untimely second petition, and that the PCRA court lacked jurisdiction to award relief. In its Pa.R.A.P. 1925(a) opinion of April 7, 2022, the PCRA court wrote that it granted relief in error and asked this Court to reverse its order.

Upon review, we agree with the Commonwealth and with the PCRA court's analysis in its April 7, 2022 opinion. A PCRA petition must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Jurisdiction lapses upon the expiration of the one-year deadline; no court may address the merits of an untimely petition. **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723-24 (Pa. 2003), **cert. denied**, 541 U.S. 1048 (2004). Instantly, Appellant's judgment of sentence became final thirty days after this Court affirmed it on October 18, 2016. The instant petition, filed on May 26, 2021, is facially untimely. The PCRA provides exceptions to the one-year time bar if (1) the delay was the result of governmental interference; (2) the claim is based on previously unknown facts; or (3) the claim is based on a newly recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Appellant does not allege that any of these occurred. Indeed, Elmore's potential conflict of interest was known to all parties and addressed on the record prior to trial.

Rather, Appellant relies on **Bradley** for the proposition that a PCRA petitioner alleging ineffective assistance of prior PCRA counsel may do so at

the first opportunity upon retention of new counsel. But Appellant reads

***Bradley*** too broadly. The issue in ***Bradley*** was whether the petitioner,

represented by newly retained counsel on appeal from the order denying his

**timely first** PCRA petition, could assert the ineffective assistance of pre-

appeal PCRA counsel. Prior to ***Bradley***, such claims were deemed to be

waived unless they were filed within the 20-day response period after the

PCRA court's filing of a Rule 907 notice.[1] The ***Bradley*** Court, acting pursuant

to its rule-making authority, held that a petitioner may "raise claims of PCRA

counsel's ineffectiveness "at the first opportunity when represented by new

counsel, even if on appeal[.]" ***Bradley***, 261 A.3d at 401.

Appellant argues for relief under ***Bradley*** because this untimely, second

petition represents his first opportunity, represented by new counsel, to assert

prior PCRA counsel's ineffectiveness. His argument fails. As emphasized

---

[1] Rule 907 provides, in pertinent part:

> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa. R. Crim. P. 907(1).

above, the petitioner in **Bradley** asserted the ineffectiveness of prior PCRA counsel on appeal from the dismissal of his timely, first petition. The **Bradley** Court did not, expressly or impliedly, state that its holding would apply to serial, untimely petitions such as the one before us. To the contrary, the **Bradley** Court wrote that its approach "does not sanction extra-statutory serial petitions." **Id.** at 403. Rather, "we deem the consideration on collateral appeal of claims of PCRA counsel ineffectiveness to spring from the original petition itself, and that doing so does not amount to impermissibly allowing a 'second or subsequent' serial petition[.]" **Id.** at 404. The **Bradley** Court also rejected the petitioner's argument that the discovery of initial PCRA counsel's ineffectiveness could constitute a new fact under § 9545(b)(1)(ii), thus supporting the filing of a successive petition. **Id.** at 404 n.18.

In a concurring opinion, Justice Dougherty explained:

Importantly, our decision today does not create an exception to the PCRA' s jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so.' The majority's holding, like any holding, must be read against the facts of the case.

**Id.** at 406 (Dougherty, J., concurring).

These pronouncements in **Bradley** are in line with our Supreme Court's oft-repeated pronouncement on the PCRA's jurisdictional time bar: "the PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the

Act." ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (**quoting** ***Commonwealth v. Eller***, 807 A.2d 38, 845 (Pa. 2002)).

Appellant's petition is time barred and does not meet any timelines exception expressly delineated in the PCRA. His assertion of prior PCRA counsel's ineffectiveness is not eligible for review under ***Bradley***. The PCRA court had no jurisdiction to entertain the merits of the petition and order a new trial.

Order reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2023