J-A17043-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MARC THOMAS MEASNIKOFF | : | |
| Appellant | : | No. 1524 WDA 2024 |

Appeal from the PCRA Order Entered November 7, 2024
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000846-2018

BEFORE: McLAUGHLIN, J., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.: **FILED: AUGUST 7, 2025**

Appellant, Marc Thomas Measnikoff, appeals from the post-conviction court's November 7, 2024 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court previously set forth the facts and procedural history of Appellant's underlying convictions, as follows:

> The case at bar involves sexual intercourse with horses, goats, and dogs by … [Appellant,] and the exposing of a minor child (sixteen years old) to these deviate sex acts. No trial was held, but [Appellant entered] a guilty plea and accepted all facts in the affidavit of probable cause[,] as set forth below.
>
> [Appellant], Terry Wallace ("Wallace"), and Matthew Brubaker ("Brubaker") all owned a plot of land in Munson, Pennsylvania. [Appellant] and Brubaker shared a camper on one side of the property[,] and Wallace and his child lived in a camper on the other side of the property. [Appellant] owned nine horses, seven of which were female, [and] two of which were male. Wallace owned one horse. Brubaker owned five horses, four of which were

female[,] and one of which was male. There were also goats, at least one cow, and dogs on the property. [Appellant] had sexual intercourse with dogs, goats, a cow, and each of the female horses once a day for four [to] five years. [Appellant] had sexual intercourse with animals daily. [Appellant] would often videotape these sexual encounters.

This case came to the attention of police after an interview with Wallace's child, who reported that for the past four [to] five years[,] he ha[d] been exposed to all three men having sexual intercourse with animals on a daily basis. The child stated that he first discovered this conduct when he found a video of his father, Wallace, having sexual intercourse with a goat on the[ir] shared i[P]ad. The child reported that Wallace would receive a message from [Appellant] and/or Brubaker and go to their camper. The child would then be expected to locate a particular horse, walk it into a V shaped chute, and wait on the other side of the wall until whoever was abusing the horse finished having sexual intercourse with it. The child also noted that the living conditions were deplorable, as he had to regularly collect rain water to take a shower, had a limited supply of canned food, no electricity, and no bathrooms were located on the property.

On January 2[5], 2019, [Appellant] entered an open plea of guilt, providing the sentencing court full discretion in determining sentencing, to one count of corruption of minors (misdemeanor of the first degree), … [730] counts of sexual intercourse with animals (misdemeanor of the second degree), and [730] counts of cruelty to animals (summary offense).

***Commonwealth v. Measnikoff***, No. 1405 WDA 2019, unpublished memorandum at *1-2 (Pa. Super. filed Oct. 7, 2020) (quoting Trial Court Opinion, 9/30/19, at 1-2) (unnecessary capitalization omitted; some formatting altered).

Appellant was sentenced on April 22, 2019, to an aggregate term of 20 to 41 years' incarceration. He filed a timely direct appeal, and this Court affirmed his judgment of sentence on October 7, 2020. ***See id.*** Appellant did not file a petition for allowance of appeal with our Supreme Court.

On June 16, 2021, Appellant filed his first *pro se* PCRA petition.

Attorney Lance Marshall[, Esq.,] was appointed to represent him[,] and filed an amended PCRA petition on his behalf on March 4, 2022. On July 13, 2022, at the time and place set for an evidentiary hearing on the amended petition, [Appellant] withdrew said petition. He then filed several [*pro se* petitions] for post-conviction collateral relief on September 15, 2022, November 29, 2022, and February 2, 2023. He alleged that Attorney Marshall had performed deficiently in advising him to withdraw his original PCRA petition at the evidentiary hearing.[1] New counsel was appointed to represent him and an amended PCRA petition was filed on April 1, 2024. An evidentiary hearing was held on May 31, 2024, at which Attorney Marshall and [Appellant] both testified. At the conclusion of the evidentiary hearing, the court ordered the parties to provide appropriate briefs.

PCO at 2-3 (unnecessary capitalization omitted).

---

[1] More specifically, in Appellant's original PCRA petition, he alleged that his trial counsel had acted ineffectively by "fail[ing] to advise Appellant of the *corpus delicti* rule and its importance to the Commonwealth's burden of proof at trial." Appellant's Brief at 8-9. "The *corpus delicti* rule places the burden on the prosecution to establish that a crime has actually occurred before a confession or admission of the accused connecting him to the crime can be admitted…[.]" PCRA Court Opinion (PCO), 11/7/24, at 6 (quoting **Commonwealth v. Rivera**, 828 A.2d 1094, 1103 (Pa. Super. 2003)). In his first PCRA petition, Appellant averred that, had his trial counsel explained the *corpus delicti* rule to him prior to his pleading guilty, he would have chosen to proceed to trial. However, Attorney Marshall advised Appellant to withdraw that PCRA petition because counsel believed the Commonwealth could satisfy its burden of proof under the *corpus delicti* rule with the evidence that "codefendant Wallace's son had disclosed to the police that the illegal activities at the property had occurred repeatedly over a long period of time." **Id.** Attorney Wallace feared that if Appellant's PCRA petition were granted and his plea was withdrawn, he would be convicted at trial and potentially receive a much lengthier sentence. In his instant petition, Appellant argued that Attorney Marshall's advice to withdraw his first petition constituted ineffective representation.

On November 7, 2024, the PCRA court issued an order and accompanying opinion denying Appellant's PCRA petition as untimely. Appellant filed a timely notice of appeal, and he complied with the PCRA court's order for him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The PCRA court subsequently filed a statement indicating it was relying on its November 7, 2024 opinion accompanying its order denying Appellant's petition in satisfaction of Rule 1925(a).

Herein, Appellant states two issues for our review:

1. Did the [PCRA] court … commit a reversible error when it held that Appellant's [PCRA] petition was untimely filed?

2. Did the [PCRA] court … commit reversible error when it held that Appellant could not demonstrate that his first PCRA counsel was ineffective?

Appellant's Brief at 6 (unnecessary capitalization omitted).

Initially, we note that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within

one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on November 7, 2020, thirty days after this Court affirmed his judgment of sentence and the time expired for him to file a petition for allowance of appeal with our Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3) (directing that a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); Pa.R.A.P. 1113(a) (stating that "a petition for

allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed").  Thus, Appellant had until November 7, 2021, to file a timely petition, making his instant petition filed on September 15, 2022, patently untimely.

Accordingly, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).  In this regard, Appellant argues that he meets the new-retroactive-right exception of section 9545(b)(1)(iii) based on our Supreme Court's decision in ***Commonwealth v. Bradley***, 261 A.3d 381 (Pa. 2021).  There, our Supreme Court held "that a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." ***Id.*** at 401.  Appellant contends that the holding of ***Bradley*** satisfies the new-retroactive-right exception of section 9545(b)(1)(iii), and permits him to raise his allegation that his first PCRA counsel, Attorney Marshall, was ineffective for advising Appellant to withdraw his initial PCRA petition or risk "the imposition of a more severe sentence."  Appellant's Brief at 10.

Appellant's claim is meritless.  As this Court has previously recognized, "[n]owhere in ***Bradley*** did the Court state that its holding constitutes a new constitutional right that applies retroactively.  Accordingly, ***Bradley*** cannot satisfy the timeliness exception of section 9545(b)(1)(iii)…."

- 6 -

*Commonwealth v. Carter*, No. 800 WDA 2022, unpublished memorandum at *4 (Pa. Super. filed Apr. 11, 2023).[2]  Additionally, in *Commonwealth v. Laird*, 331 A.3d 579 (Pa. 2025), our Supreme Court "put to rest any residual doubt regarding *Bradley's* viability as an equitable exception to the PCRA's time-bar[,]" unequivocally holding that "[ineffective assistance of counsel] claims cannot generate equitable exceptions to the PCRA's time-bar." *Id.* at 599 (citing *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 724 (Pa. 2003) (stating that "couching claims in ineffectiveness terms does not save an untimely petition")).

Because a claim under *Bradley* does not satisfy the timeliness exception under section 9545(b)(1)(iii), and it also cannot constitute an equitable exception to the PCRA's time-bar, we lack jurisdiction to consider Appellant's claim that Attorney Marshall was ineffective for advising him to withdraw his first PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 8/7/2025

---

[2] Pursuant to Pa.R.A.P. 126(b), non-precedential decisions filed after May 1, 2019, may be cited for their persuasive value.