J-S13039-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH W. BURCH, | : | |
| | : | |
| Appellant | : | No. 1429 WDA 2017 |

Appeal from the Order September 11, 2017
in the Court of Common Pleas of Crawford County,
Criminal Division at No(s): CP-20-CR-0000570-2008

BEFORE: GANTMAN, P.J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.: FILED JUNE 15, 2018

Joseph W. Burch ("Burch"), pro se, appeals from the Order denying his

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1, 2]

We affirm.

On November 8, 2008, Burch entered a guilty plea to the July 2008

aggravated indecent assault of a minor. On February 25, 2009, following a

hearing, Burch was deemed to be a sexually violent predator ("SVP"), subject

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

[2] Burch filed a "Motion to Cease and Dismiss Retroactive Application of
Registration Requirements." However, the PCRA provides "the sole means of
obtaining collateral relief and encompasses all other common law and
statutory remedies for the same purpose[.]" 42 Pa.C.S.A. § 9542. In his
"Motion," Burch challenged the legality of the SVP registration requirements
as applied to him. Because Burch's "Motion" challenged the legality of his
sentence, a claim cognizable under the PCRA, Burch's "Motion" constituted a
Petition for relief pursuant to the PCRA. See id.; see also id. § 9543(a)(2)
(setting forth the claims cognizable under the PCRA).

to the registration and reporting requirements of Megan's Law II, 42 Pa.C.S.A. § 9791 et seq. See Trial Court Memorandum and Order, 2/25/09, at 1, 6. On February 26, 2009, the trial court sentenced Burch to a prison term of 10 to 20 years. The trial court additionally notified Burch of his duties pursuant to Megan's Law II, including registration with the Pennsylvania State Police for the rest of his life. See Trial Court Notice, 3/4/09.

Burch filed the instant pro se Petition, his fourth, on August 28, 2017. On September 11, 2017, the PCRA court issued an Order indicating that the issue raised by Burch is "not justiciable[,]" and stating that the court would take "no action" on the Motion. PCRA Court Order, 9/11/17, at 1. Thereafter, Burch filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

We first address whether the PCRA court's Order, purportedly taking "no action," constituted a final, appealable order. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." Commonwealth v. Tchirkow, 160 A.3d 798, 803 (Pa. Super. 2017) (citation omitted).

Burch's PCRA Petition sought to preclude retroactive application of SORNA to his conviction. In its Order, the PCRA court stated the following:

> Burch ... is not currently subject to registration as a sexual offender because he has remained incarcerated since the imposition of his sentence on February 27, 2009.[FN1]  He thus does not present a justiciable issue, and accordingly, the [PCRA court] takes no action on the Motion. We note that Burch, upon his release, will be subject to any registration requirements

- 2 -

established by the sexual offender law in effect at the time his crime was committed.[FN2]

---

FN1 ... The Sentence Order does not address registration requirements.

FN2 Presumably [the] Act of 2004, commonly referred to as Megan's Law III [sic], which required ... lifetime registration for persons convicted of aggravated indecent assault....

PCRA Court Order, 9/11/17 (footnotes in original, emphasis added).

The PCRA court's Order, as set forth above, denied Burch the relief he requested, i.e., preclusion of the retroactive application of SORNA to his conviction. Pennsylvania Rule of Criminal Procedure 910 provides that "[a]n order granting, denying, dismissing, or otherwise finally disposing of a petition for post-conviction collateral relief shall constitute a final order for purposes of appeal." Pa.R.Crim.P. 910 (emphasis added). Because the PCRA court's Order denied Burch the relief requested, and finally disposed of his Petition, we conclude that the PCRA court's Order is a final, appealable order. See id.

We next address whether Burch timely filed his Petition for relief, as any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a trial court has no power to address the substantive merits of an untimely petition. Commonwealth v. Abu-Jamal, 833 A.2d 719, 723-24 (Pa. 2003); Commonwealth v. Gamboa-Taylor, 753 A.2d 780, 783 (Pa. 2000). The three exceptions to the one-year filing requirement are for after-discovered facts, interference by a government

official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).

Burch filed the instant PCRA Petition on August 28, 2017, more than eight years after his judgment of sentence became final. Accordingly, the Petition is facially untimely. Burch asserts the exception to the PCRA's timeliness requirement for a newly recognized constitutional right. Specifically, Burch challenges the retroactive application of SORNA,[3] based upon the Pennsylvania Supreme Court's decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017).[4] The Supreme Court filed its decision in Muniz on July 19, 2017. Burch filed the instant Petition on August 28, 2017, within 60 days of the Supreme Court's Muniz decision. Thus, we next consider whether Muniz applies in this case.

Burch argues that the Pennsylvania Supreme Court's decision in Muniz rendered unconstitutional the retroactive application of SORNA's registration requirements to his conviction. Brief for Appellant at 6. Burch asserts that

_____

[3] See 42 Pa.C.S.A. §§ 9799.10-9799.41.

[4] In Muniz, the Pennsylvania Supreme Court held that the registration requirements set forth under SORNA constitute criminal punishment as opposed to a mere civil penalty, and therefore, their retroactive application violates the ex post facto clauses of the United States and Pennsylvania Constitutions. Muniz, 164 A.3d at 1193.

- 4 -

SORNA's enactment "changed [the] registration requirement time for certain offenses, along with stricter compliance regulations than under the prior Megan's Law[,] and greatly enhanced an offender's personal information to be provided to state and Federal internet communications for public access." Id. at 8. As such, Burch argues, its application to Burch's conviction would violate the ex post facto clauses of the United States and Pennsylvania Constitutions. Id. Burch additionally points out that SORNA has replaced and/or repealed all prior sex offender registration statutes that have been found unconstitutional by our Supreme Court. Id.

To place Burch's claim in context, we acknowledge the history of Pennsylvania's sex offender registration laws, as summarized by our Supreme Court in Commonwealth v. Williams, 832 A.2d 962 (Pa. 2003) (Williams II):

> In 1995, the General Assembly amended the Sentencing Code by adding Subchapter H, entitled "Registration of Sexual Offenders," codified at 42 Pa.C.S.[A.] §§ 9791-9799, and generally referred to as "Megan's Law" (hereinafter, "Megan's Law I"). Among other things, Megan's Law I established a procedure for adjudicating certain offenders—namely, those that committed one of the predicate offenses listed in the statute—as "[SVPs]." The mandated procedure included a post-conviction, pre-sentence assessment by the [Pennsylvania Sexual Offenders Assessment] Board, followed by a hearing before the trial court. At the hearing, the offender was presumed to be a[n] [SVP] and bore the burden of rebutting such presumption by clear and convincing evidence. If the individual was adjudicated a[n] [SVP], he was subjected to an enhanced maximum sentence of life imprisonment for the predicate offense, as well as registration and community notification requirements that were more extensive than those applicable to an offender who was not adjudicated a [SVP].

In Commonwealth v. Williams, ... 733 A.2d 593 ... ([Pa.] 1999) (Williams I), [the Pennsylvania Supreme] Court struck down the [SVP] provisions of Megan's Law I[,] based upon the conclusion that a finding of [SVP] status under that enactment entailed a "separate factual determination, the end result of which is the imposition of criminal punishment," i.e., increasing the offender's maximum term of confinement above the statutory maximum for the underlying offense. See id. ... at 603. ... Notably, in view of the punitive nature of the increased maximum prison sentence, the Williams I Court invalidated the challenged provisions without reaching the question of whether the enhanced registration and notification requirements constituted criminal punishment. See id. ... at 602 n.10.

After Williams I was decided, the General Assembly passed Megan's Law II, which was signed into law on May 10, 2000. Although the stated legislative policy remained the same as in Megan's Law I, the General Assembly altered the manner in which an individual convicted of a predicate offense was adjudicated a[n] [SVP]. The critical distinction, for present purposes, is that, under Megan's Law II[,] an offender convicted of an enumerated predicate offense is no longer presumed to be a[n] [SVP].... Additionally, persons adjudicated to be [SVPs] are no longer subjected to an automatic increased maximum term of imprisonment for the predicate offense. Instead, they are required to undergo lifetime registration, notification, and counseling procedures; failure to comply with such procedures is penalized by a term of probation or imprisonment.

Under Megan's Law II, any offender convicted of a predicate offense, whether or not he is deemed a[n] [SVP], must: (1) register his current residence or intended residence with the state police upon release from incarceration, parole from a correctional institution, or commencement of an intermediate punishment or probation; (2) inform the state police within ten days of a change in residence; and (3) register within ten days with a new law enforcement agency after establishing residence in another state. State police officials then forward this data, together with fingerprint and photographic information obtained from the sentencing court to the chief of police of the locality where the offender will reside following his change of address or release from prison. For [SVPs], the police chief in turn notifies the individual's neighbors, as well as day care operators and school officials within the municipality. The data sent to these recipients includes the

offender's name, address, offense, and photograph (if available), as well as the fact that he has been determined by a court to be a[n] [SVP], "which determination has or has not been terminated as of a date certain." The [SVP's] name and address, including any subsequent change of address, is also sent to the victim of the offense, until the victim requests that such notification be terminated.

* * *

In addition to registration upon release from prison and upon changes of address, [SVPs] must periodically verify their address with the state police. To accomplish this, the state police send a verification form once every three months to the last residence reported. Upon receipt of this form, the [SVP] must appear within ten days at any state police station to submit the completed form and be photographed. The Act also requires a[n] [SVP] to attend "at least monthly" counseling sessions in a program approved by the Board, and to pay all fees assessed from such sessions, unless he cannot afford them, in which case they are paid by the parole office. The Board monitors compliance with this requirement; the [SVP] must also verify such compliance with the state police as part of the quarterly verification process discussed above.

Williams II, 832 A.2d at 965-68 (internal citations and footnotes omitted).

The General Assembly made further amendments to Megan's Law II with the passage of Act 152 of 2004 ("Megan's Law III"), which, in 2013, the Pennsylvania Supreme Court struck down as violating the single subject rule. See Commonwealth v. Neiman, 84 A.3d 603, 607 (Pa. 2013). Megan's Law III was replaced by SORNA.

According to our Supreme Court, its review of SORNA "reveal[ed] significant differences between Pennsylvania's most recent attempt at a sex offender registration statute and the statutes upheld in Williams II [(Megan's Law II)] and Smith [v. Doe, 538 U.S. 84 (2003) (upholding Alaska's Sex

Offender Registration Act)]." Muniz, 164 A.3d at 1218. After reviewing these changes, our Supreme Court concluded that the provisions of SORNA were punitive in effect, and retroactive application of SORNA would violate the ex post facto clauses of the United States and Pennsylvania Constitutions. Id. at 1218-19.

Our review of the record discloses that in its Memorandum and Order of February 25, 2008, the trial court applied Megan's Law II, and determined that Burch is an SVP. Trial Court Memorandum and Order, 2/25/09, at 1, 6. Retroactive application of SORNA would appear to violate the ex post facto clauses of the United States Constitution and the Pennsylvania Constitutions, as set forth in Muniz. See Muniz, 164 A.3d at 1218-19. However, Burch presents his claim in the context of an untimely filed PCRA Petition.

In a case involving a timely-filed PCRA Petition, this Court has declared that "Muniz created a substantive rule that retroactively applies in the collateral context." Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Burch's PCRA petition is facially untimely, he must satisfy the jurisdiction requirement set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii). To do so, Burch must demonstrate that the Pennsylvania Supreme Court has held that Muniz applies retroactively. See Commonwealth v. Murphy, 2018 Pa. Super. LEXIS 142, *7 (Pa. Super. 2018) (stating that when the PCRA petition is untimely filed, a petitioner must demonstrate that the Supreme Court has expressly held that Muniz applies

retroactively, in order to satisfy the timeliness exception set forth at 42 Pa.C.S.A. § 9545(b)(1)(iii)).

Because at this time, no such holding has been issued by our Supreme Court, Burch cannot rely on Muniz to meet the timeliness exception set forth at subsection 9545(b)(1)(iii). However, if the Pennsylvania Supreme Court issues a decision holding that Muniz applies retroactively, Burch can then file a PCRA petition, within 60 days of that decision, attempting to invoke the "new retroactive right" exception of section 9545(b)(1)(iii).

Burch also challenges his designation as an SVP under Megan's Law II, citing in support this Court's recent decision in Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017). In Butler, this Court concluded that, in light of our Supreme Court's decision in Muniz, "section 9799.24(e)(3) of SORNA [regarding SVP designation] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." Butler, 173 A.3d at 1218.

This Court's reasoning in Butler was based on the United States Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt"), which our Supreme Court has held does not apply retroactively where, as here, the judgment of sentence is final. See Commonwealth v.

Washington, 142 A.3d 810, 820 (Pa. 2016) (holding that "Alleyne does not apply retroactively to cases pending on collateral review"). Consequently, we do not construe Butler to apply retroactively to cases pending on collateral review, including the instant case. Accordingly, Burch is not entitled to relief on this claim.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2018