J-S83032-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD RUSSELL SCHNEIDER, | : | |
| | : | |
| Appellant | : | No. 867 WDA 2018 |

Appeal from the PCRA Order May 30, 2018
in the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000103-2011

BEFORE: PANELLA, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                **FILED MARCH 12, 2019**

Gerald Russell Schneider ("Schneider") appeals from the Order denying his first Petition for relief filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On January 31, 2012, Schneider pled guilty to three counts of corruption of minors, and one count each of aggravated indecent assault of a person less than 13 years of age, statutory sexual assault, indecent assault of a person less than 16 years of age, and endangering the welfare of children.[2]  On the same date, the trial court sentenced Schneider to an aggregate term of 57 months to 22 years in prison.  Schneider was also found to be a sexually

_____

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] 18 Pa.C.S.A. §§ 6301(a)(1), 3125(a)(7), 3122.1, 3126(a)(8), 4304(a).

violent predator ("SVP"), and, notably to this appeal, was subject to a period of lifetime registration and reporting, pursuant to Megan's Law II. ***See*** 42 Pa.C.S.A. § 9795.1(b)(2) (expired).[3] Schneider did not appeal his judgment of sentence.

On September 14, 2017, Schneider filed a *pro se* PCRA Petition. Therein, he asserted that pursuant to the Pennsylvania Supreme Court's decision in ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017), retroactive application of SORNA's registration requirements to Schneider's convictions rendered this component of his sentence unlawful.[4] The PCRA court thereafter appointed Schneider counsel, who filed an Amended PCRA Petition, requesting a PCRA hearing on Schneider's claim.

After a hearing, by an Order entered on May 30, 2018, the PCRA court denied Schneider's PCRA Petition. Schneider subsequently filed a timely Notice of Appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Schneider now presents the following issues for our review:

---

[3] Effective December 20, 2012, approximately one year after Schneider's SVP classification, Megan's Law was replaced by the Sex Offenders Registration and Notification Act ("SORNA"). ***See*** 42 Pa.C.S.A. §§ 9799.10-9799.41 (subsequently amended Feb. 21, 2018).

[4] In ***Muniz***, our Supreme Court held that SORNA's registration requirements constitute criminal punishment, and therefore, their retroactive application to increase a sexual offender's term of registration violates the *ex post facto* clauses of the United States and Pennsylvania Constitutions. ***Muniz***, 164 A.3d at 1193, 1223.

1. Whether the PCRA court erred as a matter of law or abused its discretion when the PCRA court denied the PCRA [P]etition raising the whether [*sic*] [Schneider] had to register under SORNA, now Act 10, when it violated his constitutional rights[,] under the Pennsylvania Constitution and the United States Constitution[,] to due process to a right to hearing[,] and a right to a jury determination before having to register to a higher Punishment[,] when he was sentenced under Megan's Law[,] which has expired[?]

2. Whether the PCRA court erred as a matter of law or abused its discretion when the PCRA court denied the PCRA [P]etition raising the whether [*sic*] [Schneider] had to register under SORNA, now Act 10, when it violated his constitutional rights under the Pennsylvania Constitution and the United States Constitution[,] since violating the *ex po*[*st*] *facto* provisions[?]

3. Whether the PCRA court erred as a matter of law or abused its discretion when the PCRA court denied the PCRA [P]etition raising the whether [*sic*] [Schneider] had to register under SORNA, now Act 10, when it violated his constitutional rights under the Pennsylvania Constitution[,] violating his protected right to reputation[?]

4. Whether the PCRA court erred as a matter of law or abused its discretion when the PCRA court denied the PCRA [P]etition raising the whether [*sic*] [Schneider] had to register under SORNA, now Act 10, when it violated his constitutional rights under the Pennsylvania Constitution and the United States Constitution[,] and in violation of [**Commonwealth v.**] **Butler**, [173 A.3d 1212 (Pa. Super. 2017),[5]] when the court failed to vacate the finding that [Schneider] is a sexually violent predator[?]

---

[5] In **Butler**, this Court concluded that, in light of the decision in **Muniz**, "section 9799.24(e)(3) *of SORNA* [(which concerns SVP designation)] violates the federal and state constitutions because it increases the criminal penalty to which a defendant is exposed without the chosen fact-finder making the necessary factual findings beyond a reasonable doubt." **Butler**, 173 A.3d at 1218 (emphasis added); **see also Alleyne v. United States**, 570 U.S. 99, 103 (2013) (holding that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.").

Brief for Appellant at 5-6 (footnote added).

In reviewing an order denying PCRA relief, "we examine whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Montalvo**, 114 A.3d 401, 409 (Pa. 2015) (citation and internal quotation marks omitted).

Before addressing Schneider's claims, we first must ascertain whether he timely filed his PCRA Petition, as any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence became final. **See** 42 Pa.C.S.A. § 9545(b)(3). The one-year time limitation is jurisdictional, and a PCRA court has no power to address the substantive merits of an untimely petition. **Commonwealth v. Abu-Jamal**, 833 A.2d 719, 723-24 (Pa. 2003). The three exceptions to the one-year filing requirement are for after-discovered facts, interference by a government official, and a newly-recognized constitutional right. 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petition asserting one of these exceptions must also establish that the exception was raised within sixty days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2).

Here, because Schneider filed no direct appeal of his January 31, 2012 judgment of sentence, and he did not file the instant PCRA Petition until September 14, 2017, it is facially untimely. However, Schneider asserts the

exception to the PCRA's timeliness requirement for a newly-recognized constitutional right, invoking *Muniz* and *Butler*.[6]

In Schneider's first three issues, which we address simultaneously due to their relatedness, he argues that the portion of his sentence imposing sexual offender registration requirements is illegal under *Muniz*, and must be vacated. *See* Brief for Appellant at 10-15.

In its Opinion, the PCRA court addressed Schneider's claims as follows:

As to [Schneider's] issues … pertaining to the Pennsylvania Supreme Court's holding in [] *Muniz*, we specifically find that his issues are meritless given the General Assembly's enactment of Act 2018, Feb, 21, P.L. 27, No, 10, § 19 [(hereinafter "Act 10")], which was effective on February 21, 2018. This Act created the Continued Registration of Sexual Offenders portions of SORNA, effectively solving the issue of applying the requirements of SORNA retroactively to those who committed sexually violent crimes before December 20, 2012. Created by [] Act [10], 42 Pa.C.S.A. § 9799.52[] provides the following:

This subchapter shall apply to individuals who were: (1) convicted of a sexually violent offense committed on or after April 22, 1996, but before December 20, 2012, whose period of registration with the Pennsylvania State Police, as described in section 9799.55 (relating to registration), has not expired; or (2) required to register with the Pennsylvania State Police under a former sexual offender registration law of this Commonwealth on or after April 22, 1996, but before December 20, 2012, whose period of registration has not expired.

*Id.* Here, [Schneider] was convicted of a sexually violent crime, specifically[,] aggravated indecent assault[,] in violation of 18 Pa.C.S.A. § 3125(a)(7). The alleged conduct relating to his

---

[6] We note that Schneider filed his PCRA Petition within 60 days of the *Muniz* and *Butler* decisions, in compliance with 42 Pa.C.S.A. § 9545(b)(2).

conviction occurred between 2003 and 2006, effectively committing the offense after April 22, 1996, but before December 20, 2012. As the [O]rder paroling [Schneider] was docketed on April 16, 2018, his period of registration has not expired. Therefore, the newly-enacted Continued Registration of Sexual Offenders statutes are directly applicable to him.

As [Schneider] was convicted of violating 18 Pa.C.S.A. § 3125 on or after April 22, 1996, but before December 20, 2012, he is therefore required by 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A) to register with the Pennsylvania State Police for life.[FN]

> [FN] 42 Pa.C.S.A. § 9799.55(b)(2)(i)(A) reads as follows: "(b) Lifetime registration.— The following individuals shall be subject to lifetime registration: … (2) Individuals convicted: (i)(A) in this Commonwealth of the following offenses, if committed on or after April 22, 1996, but before December 20, 2012: … 18 Pa.C.S. § 3125 (relating to aggravated indecent assault)[.]"

PCRA Court Opinion, 5/30/18, at 3-4 (footnote in original). We agree with the PCRA court's rationale and determination, which is supported by the law and the record. There is no merit to Schneider's challenge to the legality of the sexual offender registration component of his sentence, since he is currently subject to the *same* registration requirements (*i.e.*, lifetime registration) under Act 10 as he originally was when he was sentenced under Megan's Law II.[7] Accordingly, Schneider's first three issues entitle him to no relief.

In his fourth and final issue, Schneider argues that his classification as an SVP was rendered illegal by **Butler**, **supra**, "since the determination of

---

[7] To the extent Schneider contends that he was originally required to register for only a "limited time" (as opposed to his lifetime), when his sentence was imposed, Brief for Appellant at 15, this claim is belied by the record. **See** Notice of Sexually Violent Predator Requirements, 2/14/12, at ¶ 1.

sexually violent predator raises the penalty and is outside of the determination of the jury …."  Brief for Appellant at 17.  Schneider urges that the **Butler** "holding should not be limited to SORNA or Act 10[,] but also [be] applied to Megan's Law[,] … since the statutory language for both statutes is the same." **Id.** at 18.

In its Opinion, the PCRA court concisely and appropriately rejected this claim as follows:

> [The sentencing c]ourt held a sexually violent predator hearing on January 31, 2012, and found [Schneider] to be a sexually violent predator[,] using the clear and convincing standard.  In light of **Butler**, [Schneider] avers that his sexually violent predator status constitutes an illegal sentence.  However, [Schneider] was not found a sexually violent predator under SORNA, which [] **Butler** directly pertains to.  But rather, as he was found a sexually violent predator on January 31, 2012, the determination was made when Megan's Law was still effective.  Therefore, [Schneider's] argument that [] **Butler** requires this [c]ourt to vacate his sexually violent predator finding is unfounded, as our Supreme Court has held that a sexually violent predator finding under Megan's Law is not punishment.  [**See**] **Commonwealth v. Lee**, 935 A.2d 865, 886 (Pa. 2007) (holding that the lifetime registration, notification, and counseling obligations of sexually violent predators, as mandated by Megan's Law, were not punitive, and therefore did not violate due process, the double jeopardy clause, or the prohibition against *ex post facto* laws).

PCRA Court Opinion, 5/30/18, at 5-6 (footnote omitted).  We agree with the PCRA court's rationale.  The holding in **Butler** does not apply to SVP findings

made pursuant to Megan's Law, nor have our appellate courts held that ***Butler*** may be applied retroactively to pre-SORNA SVP designations.[8]

Accordingly, as none of Schneider's issues entitle him to relief and we discern no legal error by the PCRA court, we affirm the Order denying his first PCRA Petition.

Order affirmed.

Judge Panella joins the memorandum.

Judge Shogan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/12/2019

---

[8] On July 31, 2018, the Pennsylvania Supreme Court granted allowance of appeal in ***Butler***. If the Supreme Court issues a decision holding that ***Butler*** applies retroactively, Schneider may file another PCRA petition within one year of that decision, attempting to invoke a time-bar exception in subsection 9545(b)(1)(iii). ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, §§ 2 and 3 (recent amendment to the PCRA Act); ***see also Commonwealth v. Murphy***, 180 A.3d 402, 406 n.1 (Pa. Super. 2018).