J-S18042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM D. TURNER | : | |
| | : | |
| Appellant | : | No. 2826 EDA 2022 |

Appeal from the PCRA Order Entered October 20, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-1007161-1980

BEFORE:   PANELLA, P.J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                         **FILED JUNE 27, 2023**

Appellant William D. Turner appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing his serial petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, on the basis it was untimely filed.  After a careful review, we affirm.

This Court has previously set forth the relevant facts and procedural history, in part, as follows:

> On February 20, 1981, a jury convicted Appellant of first-degree murder and possessing instruments of crime. [*See* 18 Pa.C.S.A. §§ 2502 and 907.] The [trial] court imposed a sentence of life imprisonment on March 18, 1982.  On May 20, 1983, this Court affirmed the judgment of sentence. Our Supreme Court

_____

[*] Former Justice specially assigned to the Superior Court.

denied allowance of appeal on September 21, 1983. Appellant did not pursue further direct review.

On December 19, 1983, Appellant filed a *pro se* petition for post-conviction relief under the Post Conviction Hearing Act ("PCHA"), the PCRA's predecessor. The court appointed counsel, who filed an amended petition, and the court subsequently denied relief [on April 29, 1988. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on November 29, 1989.] On February 16, 2011, Appellant filed a motion to modify sentence, which the court treated as a serial PCRA petition. The court issued Pa.R.Crim.P. 907 notice on August 10, 2012; Appellant responded, and on September 13, 2012, the PCRA court dismissed Appellant's petition. Appellant timely filed a *pro se* notice of appeal on September 24, 2012.

On December 9, 2013, this Court affirmed the PCRA court's order dismissing Appellant's PCRA petition as untimely. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on July 28, 2014.

On November 7, 2014, Appellant filed [a] *pro se* petition for writ of *habeas corpus*. Appellant filed two amended petition[s] on February 20, 2015, and April 1, 2016, respectively. On June 23, 2016, Appellant filed a motion to compel a *habeas corpus* hearing.

The PCRA court issued notice of its intent to dismiss Appellant's petition pursuant to Rule 907…on July 19, 2019. Appellant did not file a response or amended petition. On August 21, 2019, the PCRA court entered an order denying relief on the basis that it lacked jurisdiction to consider the merits of the petition because it was an untimely PCRA petition. Appellant filed a timely *pro se* appeal to this Court.

*Commonwealth v. Turner*, No. 2639 EDA 2019, 202 WL 4386792 at *1 (Pa.Super. 7/31/20) (unpublished memorandum) (citations omitted).

On appeal, this Court affirmed the PCRA court's order dismissing Appellant's petition. Appellant filed a timely petition for allowance of appeal, which our Supreme Court denied on April 27, 2021. Appellant did not file a petition for a *writ of certiorari* with the United States Supreme Court.

On or about November 9, 2021, Appellant filed the instant PCRA petition. On June 15, 2022, the Commonwealth filed an answer to the PCRA petition arguing that the PCRA petition is facially untimely, and Appellant did not present any timeliness exceptions.

On August 5, 2022, Appellant filed a response, and on September 15, 2022, the PCRA court provided notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss the PCRA petition. On October 6, 2022, Appellant filed a response to the Rule 907 notice, and by order entered on October 20, 2022, the PCRA court dismissed the instant PCRA petition. Appellant filed a timely *pro se* notice of appeal, and all Pa.R.A.P. 1925 requirements have been adequately met.

On appeal, Appellant sets forth the following issues in his "Statement of Questions Presented" (verbatim):

1. Whether the Post Conviction Relief Act Court erred and abused its discretion by not addressing the newly discovered fact from the Defender Association of Philadelphia which satisfied 42 Pa.C.S. § 9545(b)(ii) for Turner to be heard?

2. Whether the PCRA court erred and abused its discretion by not addressing in some instance the first PCHA/PCRA counsel ineffective *per se* can satisfy 42 Pa.C.S.A. § 9545(b) for Appellant Turner to be heard concerning his trial was a nullity when there was no written decision on the record when it comes to Rule 587 or instruction to appeal relating to double jeopardy concerning Rule 1100 although the PCHA court order [*sic*] greater specificity to PCHA counsel Mr. Padova, Esq?

3. Did the PCRA court err by not allowing a *nunc pro tunc* petition once it was clear the Administrator failed to docket Turner's objection to that court's 907 or address the motion for modification of the record concerning such failure?

4. Did the PCRA court err and abuse its discretion by not addressing the issue of breakdown in operation or fraud upon the court?

Appellant's Brief at 4 (unnecessary capitalization and suggested answers omitted).[1]

Initially, we note the following:

On appeal from the denial of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. The PCRA court's factual determinations are entitled to deference, but its legal determinations are subject to our plenary review.

*Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa.Super. 2012) (quotation marks and quotations omitted).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010) (citations omitted).

[There are] three statutory exceptions to the timeliness provisions in the PCRA [that] allow for the very limited circumstances under which the late filing of a petition will be

_____

[1] For the ease of discussion, we have renumbered Appellant's issues.

- 4 -

excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petitioner must allege and prove:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

**Id.** at 1079-80 (citing 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii)).

Any petition invoking a timeliness exception must be filed within one year of the date the claim could have been presented.[2] 42 Pa.C.S.A. § 9545(b)(2). "We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Marshall***, 596 Pa. 587, 947 A.2d 714, 719 (2008) (citation omitted). Lastly, there is "no generalized equitable exception to the

_____

[2] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. ***See*** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter. Appellant filed the instant petition on November 9, 2021, and thus, we apply this amended version of Section 9545(b)(2).

jurisdictional one-year time bar pertaining to post-conviction petitions." ***Commonwealth v. Brown***, 596 Pa. 354, 943 A.2d 264, 267 (2008).

Here, Appellant was sentenced on March 18, 1982, and this Court affirmed his judgment of sentence on May 20, 1983. The Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on September 21, 1983, and Appellant did not file a petition for a writ of *certiorari* with the United States Supreme Court.

Accordingly, Appellant's judgment of sentence became final 60 days[3] later, on November 21, 1983. ***See*** 42 Pa.C.S.A. § 9545(b)(3). As indicated *supra*, Appellant had one year-until November 21, 1984-to file a timely PCRA petition. ***See*** 42 Pa.C.S.A. § 9545(b)(1). However, Appellant filed the instant PCRA petition on November 9, 2021, and consequently, it is facially untimely.

However, this does not end our inquiry as Appellant attempts to invoke the "newly-discovered facts" exception set forth in Subsection 9545(b)(1)(ii).[4]

---

[3] ***See*** U.S.Sup.Ct.R. 20 (effective June 30, 1980; amended August 1, 1984, at U.S.Sup.Ct.R. 20.1) (allowing 60 days to file petition for *writ of certiorari*). United States Supreme Court Rule 13 is the current rule, which allows 90 days to file a petition for *writ of certiorari*. ***See*** U.S.Sup.Ct.R. 13. Sixty days from September 21, 1983, was Sunday, November 20, 1983. Therefore, the time period for Appellant to seek review by the United States Supreme Court expired on Monday, November 21, 1983. ***See*** U.S.Sup.Ct.R. 30.

[4] We note:

> To establish the newly discovered fact timeliness exception in [Sub]section 9545(b)(1)(ii), a petitioner must demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence.

*(Footnote Continued Next Page)*

Specifically, Appellant avers he has met the "newly-discovered facts" exception based on his receipt of Ella Martin's criminal record, which reveals she was convicted of theft offenses prior to Appellant's trial. Appellant contends Ella Martin was a "key" Commonwealth witness, and he would have used her criminal record to impeach her trial testimony had he known of her criminal record. Appellant contends he discovered her criminal record when it was provided to him by the Defender Association of Philadelphia.

While Appellant does not assert in his brief when he received Ella Martin's criminal record from the Defender Association, he asserted in his *pro se* October 6, 2022, response to the Rule 907 notice that he received Ms. Martin's criminal record on January 12, 2015. **See** Appellant's Reply, filed 10/6/22, at 5. However, Appellant waited until November 9, 2021, to file the instant PCRA petition. Thus, he has not demonstrated he presented the claim within one year of the date the claim could have been presented. **See** 42 Pa.C.S.A. § 9545(b)(2).

---

Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa.Super. 2015) (citations and quotation marks omitted).

Appellant next seeks to invoke the "newly-discovered facts" exception set forth in Subsection 9545(b)(1)(ii) on the basis his first PCHA/PCRA counsel was *per se* ineffective in failing to raise certain issues during the first collateral proceedings. Our Supreme Court has held the discovery that prior counsel was allegedly ineffective is generally not a "newly-discovered fact" which would satisfy the unknown "facts" exception to the PCRA's time bar. **See Commonwealth v. Gamboa-Taylor**, 562 Pa. 70, 753 A.2d 780, 785-86 (2000). However, a narrow exception to this general rule exists where counsel has been *per se* ineffective, and the petitioner pleads and proves the applicability of this exception, set forth at 42 Pa.C.S.A. § 9545(b)(1)(ii), in a subsequent PCRA petition. **See Commonwealth v. Peterson**, 648 Pa. 313, 192 A.3d 1123, 1130 (2018). In all circumstances, the petitioner must also plead and prove that he acted with due diligence by filing the subsequent petition with one year of the claim. 42 Pa.C.S.A. § 9545(b)(2).

Assuming, *arguendo*, Appellant's claim of *per se* ineffectiveness is the type of ineffectiveness claim for which the "newly-discovered fact" exception is applicable, we conclude Appellant has failed to demonstrate he raised the claim within one year of when the claim could have been presented. **See id.** Simply put, the PCRA court denied Appellant's first collateral petition on April 29, 1988. This Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on November 29, 1989. However, Appellant did not file the instant petition until November 9, 2021. Simply put, he has failed to

- 8 -

demonstrate he filed the petition within one year of the date the alleged *per se* ineffectiveness claim could have been presented or otherwise explain how he was duly diligent in presenting this claim.[5] **See id.**

In his third and fourth issues, Appellant contends he was "denied appellate review" with regard to his prior PCRA petition due to a breakdown in the PCRA court. He asserts that on July 19, 2019, the PCRA court provided him with a Rule 907 notice of its intent to dismiss his prior PCRA petition, and he sent the Prothonotary a response. However, he contends the response was not docketed, and thus, he seeks the reinstatement of his PCRA appeal rights *nunc pro tunc*.

Regarding this claim, Appellant has not adequately developed an argument as to any of the timeliness exceptions. Specifically, Appellant has neither indicated what timeliness exception he is seeking to invoke nor has he set forth any relevant authority pertaining to any timeliness exception. Since Appellant has not developed an argument in support of a timeliness exception, we decline to address the issue further. **See Commonwealth v. Tielsch**, 934 A.2d 81, 93 (Pa.Super. 2007) (holding that undeveloped claims will not be considered on appeal).

---

[5] To the extent Appellant claims counsel's alleged ineffectiveness satisfies the "governmental interference" exception in 42 Pa.C.S.A. § 9545(b)(1)(i), we note claims relating to ineffectiveness of counsel do not qualify as government interference since defense counsel are not considered government officials. **See Commonwealth v. Abu-Jamal**, 574 Pa. 724, 833 A.2d 719 (2003).

For all of the foregoing reasons, we agree with the PCRA court that Appellant's instant PCRA petition is untimely. Thus, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2023