J-S40005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH A. LEWIS | : | |
| | : | |
| Appellant | : | No. 2762 EDA 2023 |

Appeal from the PCRA Order Entered September 28, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0002049-2011

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH A. LEWIS | : | |
| | : | |
| Appellant | : | No. 2763 EDA 2023 |

Appeal from the PCRA Order Entered September 28, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0005295-2011

BEFORE: STABILE, J., McLAUGHLIN, J., and LANE, J.

MEMORANDUM BY STABILE, J.: **FILED MARCH 31, 2025**

Appellant, Kenneth A. Lewis, appeals from the orders of the Court of Common Pleas of Philadelphia County dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The factual and procedural background are not at issue here. Briefly, on March 14, 2013, following a jury trial, Appellant was found guilty of rape,

along with related offenses at trial court docket number 2049-2011, and of intimidation of a witness, terroristic threats, stalking, and harassment at trial docket number 5295-2011. On August 9, 2013, the trial court sentenced him to a total term of 55 to 110 years' incarceration. On August 13, 2013, post-sentence motions were filed, and they were denied on September 27, 2013. An appeal was taken, and on February 3, 2015, we affirmed Appellant's judgment of sentence. *See Commonwealth v. Lewis*, No. 2977 EDA 2013, unpublished memorandum (Pa. Super. filed February 3, 2015). On July 23, 2015, our Supreme Court denied Appellant's petition for allowance of appeal. *See Commonwealth v. Lewis*, 118 A.3d 1008 (Pa. 2015)

Appellant filed his first PCRA petition on February 2, 2016. The PCRA court, after appointing counsel, dismissed it on May 30, 2017. Appellant appealed. On appeal, we affirmed in part, vacated in part, and remanded to the trial court to instruct Appellant on his proper registration and reporting requirements. *See Commonwealth v. Lewis*, No. 1976 EDA 2017, unpublished memorandum (Pa. Super. filed October 23, 2019).

On March 29, 2022, Appellant filed the underlying petition, which the PCRA court dismissed on September 28, 2023. This appeal followed. Both the trial court and Appellant complied with Pa.R.A.P. 1925.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, if a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (internal citations and quotation marks omitted) (overruled on other grounds by *Commonwealth v. Small*, 238 A.3d 1267 (Pa. 2020)). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008).

It is undisputed that the underlying petition is facially untimely.[1] The only matter to be considered is whether Appellant met the requirements of one of the exceptions to the time bar rule. He has not.

A review of Appellant's PCRA petition reveals that Appellant never addressed the facial untimeliness of his petition. While he raised multiple

_____

[1] Appellant's sentence became final on October 21, 2015, when the ninety-day period to petition for certiorari expired. *See* 42 Pa.C.S.A. § 9545(b)(3); U.S. S. Ct. R. 13.1 (allowing 90 days to petition for certiorari). Appellant, therefore had until October 21, 2016 to file the underlying petition, but he did not do so until March 29, 2022, approximately six years too late.

substantive issues,[2] he never acknowledged the issue of timeliness.  **See** PCRA petition, 3/29/22.

In his Pa.R.A.P. 1925(b) statement, Appellant raised a plethora of substantive claims, never addressing the timeliness of the petition.  **See** Statement of Errors Complained of on Appeal, 11/13/23.  Additionally, as the PCRA court also noted, the errors he complained about "occurred at his trial and sentencing hearings.  He also raise[d] other issues including the trial court's denial of his post-sentence motion and first PCRA [petition]."  PCRA Court Opinion, 7/22/24, at 10 (unnumbered).  "Most of the issues Appellant complains about have already been litigated."  **Id.**  To the extent those issues had not been previously litigated or waived, the PCRA court noted, they were untimely.  **Id.**

On appeal, Appellant argues, *inter alia*, that he would have been able to show that his petition meets the governmental interference and/or the newly-discovered fact exceptions if the PCRA court would have held the evidentiary hearing on direct appeal counsel's ineffectiveness.[3]  We disagree.

_____

[2] The PCRA petition spans over 55 pages, raising 11 issues and dozens of sub-issues.

[3] The governmental interference exception permits an otherwise untimely PCRA petition to be filed if "it pleads and proves that the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States[.]" **Commonwealth v. Staton**, 184 A.3d 949, 955 (Pa. 2018) (internal quotation marks and citations omitted).  This exception requires a petitioner to "show
*(Footnote Continued Next Page)*

> [[T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). "[A]n evidentiary hearing is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim . . . ." *Commonwealth v. Roney*, 79 A.3d 595, 605 (Pa. 2013) (quotation marks and citations omitted).

Appellant essentially alleges that the reasons why the underlying petition is untimely is due to counsel's ineffectiveness and that counsel's ineffectiveness qualifies as both governmental interference and newly-discovered evidence for the purposes of the exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1). The argument is meritless on its face.

> "Claims relating to ineffectiveness of counsel for failing to raise certain issues do not qualify due to the specific provision in 42 Pa.C.S. § 9545(b)(4) that the term 'government officials' does not

---

that but for the interference of a *government actor* 'he could not have filed his claim earlier.'" *Id.* (emphasis added).

To qualify for an exception to the PCRA's time limitations under subsection 9545(b)(1)(ii), the newly-discovered fact exception, a petitioner need only establish that the facts upon which the claim is based were unknown to him and could not have been ascertained by the exercise of due diligence.

- 5 -

include defense counsel." ***Commonwealth v. Pursell***, 561 Pa. 214, 749 A.2d 911, 916 (2000); ***see also Commonwealth v. Yarris***, 557 Pa. 12, 731 A.2d 581, 587 (1999) ("[T]he drafters of the 1995 amendments specifically excluded 'defense counsel' from such officials. 42 Pa.C.S. § 9545(b)(4). Therefore, Section 9545(b)(1)(i) does not operate to save appellant's claims of ineffective assistance of counsel from the bar of untimeliness.").

***Commonwealth v. Abu-Jamal***, 833 A.2d 719, 733 (Pa. 2003).

Appellant, therefore, has failed to meet the governmental interference exception.

Additionally, discovery of counsel's ineffectiveness generally does not qualify as a newly-discovered fact. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000).

Assuming, however, for sake of argument, discovery of counsel's ineffectiveness does qualify as a newly-discovered fact, the record shows that Appellant was in fact aware of counsel's alleged ineffectiveness for quite some time before the filing of the instant petition. Finally, Appellant failed to plead and prove why he could not have obtained the new facts earlier with the exercise of due diligence. Appellant, therefore, fails to meet the newly-discovered fact exception.

Given that Appellant's petition is facially untimely and, as discussed *supra*, given that Appellant has failed to plead and prove an exception to the PCRA time-bar, we are without jurisdiction to review the merits of the issues raised in Appellant's underlying petition. We, thus, affirm the denial of relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/31/2025</u>