J-S15007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                  :             PENNSYLVANIA
                                  :
             v.                     :
                                  :
                                  :
HUBERT W. WINGATE           :
                                  :
            Appellant           :   No. 743 WDA 2024

Appeal from the PCRA Order Entered May 20, 2024
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0006412-2015

BEFORE: OLSON, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY OLSON, J.:                **FILED: June 10, 2025**

Appellant, Hubert W. Wingate, appeals *pro se* from the order entered on May 20, 2024, dismissing his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

We briefly summarize the facts and procedural history of this case as follows. "Appellant is serving a sentence of life imprisonment based upon his convictions stemming from the murder of Andre Gray." ***Commonwealth v. Wingate***, 297 A.3d 747, at *1 (Pa. Super. 2023) (non-precedential decision), *appeal denied*, 306 A.3d 262 (Pa. 2023).[1] This Court affirmed Appellant's judgment of sentence on November 9, 2018. ***See Commonwealth v.***

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Our prior memorandum provided a more detailed recitation of the facts and underlying procedural history of the case. ***See Wingate***, 297 A.3d 747, at *1-2. We need not repeat those developments here, except insofar as relevant to dispose of the issues pertinent to this appeal.

*Wingate*, 201 A.3d 839 (Pa. Super. 2018). Our Supreme Court denied further review on April 8, 2019. *See Commonwealth v. Wingate*, 206 A.3d 488 (Pa. 2019). On August 22, 2019, Appellant filed a *pro se* PCRA petition raising 17 issues. *Wingate*, 297 A.3d 747, at *2. The PCRA court appointed counsel who filed an amended PCRA petition on February 16, 2022, raising a single issue which alleged that trial counsel was ineffective for failing to call two witnesses at trial. *Id.* "By order of July 12, 2022, the PCRA court dismissed Appellant's [first] PCRA petition[.]" *Id.* This Court affirmed on April 25, 2023. *Id.* at *6. Our Supreme Court denied further review on October 25, 2023. *See Commonwealth v. Wingate*, 306 A.3d 262 (Pa. 2023). Appellant did not appeal that determination to the United States Supreme Court.

Currently at issue, on March 14, 2024, Appellant filed a *pro se* PCRA petition challenging PCRA counsel's ineffectiveness. By order and opinion entered on April 11, 2024, which cited our Supreme Court's decision in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), the PCRA court issued notice of its intent to dismiss Appellant's March 2024 petition pursuant to Pa.R.Crim.P. 907 without an evidentiary hearing. *See* PCRA Court Opinion, 4/11/2024, at 2-4. The PCRA court reasoned that Appellant's current petition was subject to dismissal because Appellant failed to raise PCRA counsel's ineffectiveness at the first opportunity to do so (*i.e.*, by filing a *pro se* response to the court's Rule 907 notice issued during the pendency of Appellant's initial timely petition) and, therefore, his March 2024 petition was patently untimely and not subject to an exception. *See id.* at 2-5. More specifically, the PCRA

court opined that Appellant "waited until the Superior Court and the Supreme Court ruled [on his first PCRA petition] and then waited an additional [five] months to file" his ineffective assistance of PCRA counsel claim which the PCRA court deemed a "second PCRA petition." *Id.* at 5. Appellant filed a timely *pro se* response to the Rule 907 notice on May 20, 2024. The PCRA court dismissed Appellant's second PCRA petition as untimely by order entered on May 20, 2024. This timely appeal resulted.[2]

On appeal *pro se*, Appellant raises the following issue for our review:

I. Was [Appellant] capriciously denied his first available time to raise ineffective assistance of PCRA counsel, for failing to raise and preserve meritorious claims, and failing to advise [Appellant] of the option of pursuing new counsel, or proceeding *pro se*, when no clear avenue has been established for petitioners to seek relief [for PCRA counsel's ineffectiveness?]

Appellant's *Pro Se* Brief, at ii.

Appellant asserts that his March 2024 "motion" to have the PCRA court consider the effectiveness of initial PCRA counsel was presented at the earliest opportunity pursuant to **Bradley**, since the submission followed resolution by this Court and our Supreme Court of counseled appeals taken

---

[2] Appellant filed a timely *pro se* notice of appeal on June 18, 2024. In the interim, this case was reassigned to another PCRA court judge, the Honorable Alex P. Bicket. The Honorable Bruce R. Beemer, Administrative Judge of the Criminal Division of the Court of Common Pleas of Allegheny County, however, entered an order on February 3, 2025, advising this Court of "the passing of Judge Bicket" and transmitting the certified record to this Court "without an [o]pinion pursuant to Pa.R.A.P. 1925(a) in order to avoid delay." **See** Order, 2/3/2025.

from the dismissal of Appellant's first timely petition. *Id.* at 2. Appellant posits that PCRA counsel cannot allege his or her own ineffectiveness and that requiring a petitioner to raise PCRA counsel's effectiveness *pro se*, or to obtain new counsel to raise PCRA counsel ineffectiveness, while his first PCRA petition was on appeal with this Court "is an unworkable remedy due to the fact that it places insurmountable burdens upon the indigent petitioner." *Id.* at 5; *see also id.* at 6 ("[T]he petitioner would still remain reliant on the effectiveness of PCRA counsel, to withdraw, or advise [his or her] client of the option to proceed *pro se*, to raise a claim of ineffective assistance of PCRA counsel on PCRA appeal."); *see also id.* at 8 ("In order to avoid waiver in such circumstances a petitioner is required to act *pro se*, or proceed with new counsel [but] an indigent petitioner whose appointed [PCRA] counsel stays through the PCRA appeal process, would have to recognize his PCRA counsel's ineffectiveness in order to preserve an ineffective[ness] claim, he would have to fire appointed counsel and proceed *pro se*, or with new counsel within the 30 day time frame for filing with the Superior Court, with no language in a denial of relief from the PCRA court that would notify a lawyer, let alone a *pro se* petitioner of the option to proceed *pro se*, or with new counsel, in order to file an ineffective[ness of PCRA counsel] claim."). Appellant cites four specific instances of PCRA counsel's alleged ineffective assistance. *See id.* at 11-19.

Our Supreme Court has recently determined:

[The] standard of appellate review of the denial of an untimely PCRA petition is well settled. [An appellate court] review[s] the factual findings of the PCRA court to ensure they are supported by the record, and [applies] a *de novo* standard of review to its legal conclusions. ***Commonwealth v. Lopez***, 249 A.3d 993, 998 (Pa. 2021). Pennsylvania courts are prohibited from considering an untimely PCRA petition. ***Id.*** at 999. This is because [our Supreme Court has] construed the PCRA's timing provisions as jurisdictional in nature, and, thus, no court may entertain an untimely PCRA petition. ***Commonwealth v. Small***, 238 A.3d 1267, 1280 (Pa. 2020). Consequently, [appellate courts] do not reach the merits of an untimely petition under any circumstances—even in cases involving the death penalty, and even if it is alleged that the petition's untimeliness is due to the ineffective assistance of counsel. ***See Commonwealth v. Abu-Jamal***, 833 A.2d 719, 723-724 (Pa. 2003); ***see also*** [***Commonwealth v.***] ***Fahy***, 737 A.2d [214,] 222 [(Pa. 1999)] ("Jurisdictional time limits go to a court's right or competency to adjudicate a controversy. These limitations are mandatory and interpreted literally; thus, a court has no authority to extend filing periods except as the statute permits."). Likewise, the PCRA's time-bar also applies to claims that the underlying sentence is illegal. ***Fahy***, 737 A.2d at 223.

Any PCRA petition must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). However, the General Assembly provided for three exceptions to this jurisdictional time-bar. ***Id.*** § 9545(b)(1)(i-iii).[3] [Our Supreme C]ourt has repeatedly

---

[3] The PCRA provides three exceptions to its time-bar:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of

*(Footnote Continued Next Page)*

disavowed the use of equitable principles to expand or bypass these statutorily-defined exceptions. *See Fahy*, 737 A.2d at 222.

*Commonwealth v. Laird*, 331 A.3d 579, 593–594 (Pa. 2025) (quotations and original brackets omitted).

As the quoted language makes clear, *Laird* considered and rejected an argument nearly identical to the one forwarded by Appellant. *See id.* at 594 ("Laird first argues that the decision in *Bradley* extends (or must be extended) to include the opportunity to challenge prior PCRA counsel's effectiveness in a serial PCRA petition, even if it is untimely. However, we agree with the Commonwealth that not only did *Bradley* say no such thing, but that the rationale of that decision cannot be extended to circumvent the PCRA's jurisdictional time-bar."). Examining *Bradley*, the *Laird* Court "first acknowledged that there was no formal mechanism to challenge the effectiveness of PCRA counsel, much less a formal mechanism designed to specifically capture claims of trial counsel ineffectiveness defaulted by initial-review PCRA counsel." *Id.* at 595 (internal quotations and citation omitted). Our Supreme Court recognized that the *Bradley* decision "allow[s] a PCRA petitioner to raise claims of ineffective assistance of counsel at the first opportunity to do so, even when on appeal." *Id.* at 597, *citing Bradley*, 261 A.3d at 401. The *Laird* Court noted that the Supreme Court considered and

---

Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

rejected the approach suggested by Bradley and endorsed by the Pennsylvania Innocence Project [wherein they] argued that, because PCRA appointments typically "remain in place through [the PCRA] appeal," only permitting [ineffective assistance of counsel] claims targeting PCRA counsel during the PCRA appeal "would not be a workable remedy for an indigent prisoner[.]" *Id.* (original brackets omitted), *citing **Bradley***, 261 A.3d at 387. Our Supreme Court declined to adopt the proposed proposal "that petitioners should be permitted to file a serial PCRA petition invoking the PCRA's 'new fact' exception to the one-year time-bar, and, thus, construing PCRA counsel's ineffectiveness as a 'new fact' allowing for the filing of a new PCRA petition [outside the statutory, jurisdictional time constraints of the PCRA]." *Id.* (original quotations omitted). More specifically, our Supreme Court held:

> We have repeatedly rejected such an understanding of the 'new fact' exception to the PCRA's one-year time-bar. ***See Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 785 (Pa. 2000) ("Subsequent counsel's review of previous counsel's representation and a conclusion that previous counsel was ineffective is not a newly discovered 'fact' entitling Appellant to the benefit of the exception for [newly-discovered facts]."); ***Commonwealth v. Pursell***, 749 A.2d 911, 916-917 (Pa. 2000) (finding claim of ineffective assistance of counsel layered upon a claim of trial counsel ineffectiveness was based upon facts that existed at time of trial, and did not fall within the 'new facts' exception to the time-bar).
>
> ***Bradley***, 261 A.3d at 404 n.18.
>
> Moreover, in adopting the current approach in ***Bradley***, we were mindful that we were balancing 'equally legitimate concerns' regarding 'a petitioner's right to effective PCRA counsel' and the

principle 'that criminal matters be efficiently and timely concluded.' *Id.* at 405. The PCRA's one-year time-bar, expressed unambiguously in Section 9545(b)(1), is the mechanism by which the latter interest is enforced, and our decision in *Bradley* deliberately avoided confrontation with that legislative mandate by rejecting what was likely a more efficient way of vindicating a petitioner's right to effective assistance by PCRA counsel— permitting a serial petition.

Capturing the resolution of these competing concerns, Justice Dougherty opined in a concurring opinion [in *Bradley*] that our decision did 'not create an exception to the PCRA's jurisdictional time-bar, such that a petitioner represented by the same counsel in the PCRA court and on PCRA appeal could file an untimely successive PCRA petition challenging initial PCRA counsel's ineffectiveness because it was his 'first opportunity to do so.' *Bradley*, 261 A.3d at 406 (Dougherty, J., concurring). With the appropriate facts before us today, we agree with Justice Dougherty's statement about the limits of our holding in *Bradley*, and further with his representation that 'it is well-settled under our precedent that the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.' *Id.* at 406-07 (internal citations, brackets, and quotation marks omitted). *Bradley* did not create an exception to the PCRA's time-bar, and we expressly decline to create one today. Although we recognize that the approach we adopted in *Bradley* is far from perfect, only the General Assembly has the power to create timeliness exceptions for this or any other conceivable circumstance in which vindication of the rule-based right to PCRA counsel may be subject to inequity due to the PCRA's time-bar.

\*       \*       \*

Today, we put to rest any residual doubt regarding *Bradley*'s viability as an equitable exception to the PCRA's time-bar. [Ineffective assistance of counsel] claims cannot generate equitable exceptions to the PCRA's time-bar. *Abu-Jamal*, 833 A.2d at 724 (stating that 'couching claims in ineffectiveness terms does not save an untimely petition'). Because courts lack jurisdiction to hear an untimely PCRA petition, they necessarily lack jurisdiction to consider ancillary matters like [ineffective assistance of counsel] claims. *See id.* at 723-724.

*Laird*, 331 A.3d at 597–599 (Pa. 2025).

Here, Appellant's judgment of sentence became final on July 9, 2019, 90 days after our Supreme Court denied further review on direct appeal. **See** U.S. Sup. Ct. R. 13 (where a petition for allowance of appeal to the Supreme Court of Pennsylvania was filed, judgment of sentence becomes final 90 days after the denial of the petition for allowance of appeal where petitioner does not appeal that determination to the U.S. Supreme Court); **see also** 42 Pa.C.S.A. § 9545(b)(3) ("judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). As such, Appellant's current PCRA petition filed on March 14, 2024, almost five years after his judgment became final, is patently untimely under the one-year PCRA jurisdictional time-bar. As detailed above, Appellant needed to challenge any alleged ineffective assistance of PCRA counsel at the first opportunity to do so pursuant to **Bradley**. However, upon review, PCRA counsel continued to represent Appellant on appeal before this Court and before our Supreme Court following the denial of his first PCRA petition. Instead, Appellant waited until after the conclusion of his appeal on his first PCRA petition and filed a successive untimely *pro se* PCRA petition alleging PCRA counsel ineffectiveness. Unfortunately, claims of ineffective assistance of PCRA counsel cannot save an otherwise untimely PCRA petition. The **Bradley** decision sought to strike a balance between the petitioner's right to effective PCRA counsel and the principle that criminal matters be efficiently

- 9 -

and timely concluded. Through its later decision in *Laird*, our Supreme Court noted that the procedure in *Bradley* was far from perfect, but it recognized that *Bradley* did not create an exception to the PCRA's time-bar and expressly declined to create one. As such, in this case, Appellant's patently untimely PCRA petition was not subject to an exception, the PCRA court lacked jurisdiction to entertain it, and, therefore, it properly dismissed Appellant's second PCRA petition as untimely. Moreover, without jurisdiction, we may not reach the merits of an untimely PCRA petition under any circumstances. As such, we may not address the four alleged claims of ineffective assistance of PCRA counsel Appellant has advanced on appeal. For all of the foregoing reasons, Appellant is not entitled to relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 06/10/2025